HENRY J. McNAMEE vs. FREDERICK MINKE.

*Action for the Malicious prosecution of an Ejectment Suit—
Effect of Variance between the record offered in Evidence and
that described in the declaration—Obligation to prove every
part of a written Document stated in Pleading—Insufficiency
of Evidence to show the termination or abandonment of an
action of Ejectment—Inadmissibility of a Record in Evi-
dence as failing to show the Plaintiff's right to maintain his
action—When an action for the Malicious prosecution of an
Ejectment Suit is not maintainable—Character of Civil
actions which may give occasion to a case of Malicious prose-
cution.*

In an action for the malicious prosecution of an ejectment suit, the declaration
stated that the defendant sued out a certain writ called an ejectment writ,
by which the sheriff was commanded to summon the plaintiff to answer the
defendant, &c.; the record of the ejectment suit when produced at the trial
showed that the action was an ordinary action of ejectment commenced, not
by writ, but by filing a declaration in the usual form, and having a copy of
it with notice from the fictitious ejector served on the tenant in possession,
according to the regular mode of proceeding before the statute abolishing
the fictions and changing the mode of instituting the action of ejectment.
The declaration also stated that in the action of ejectment, the defendant
falsely and maliciously claimed as against the plaintiff *all* of the lot sued
for, (designated as Lot No. 6,) when in fact he had no probable cause of
action against the plaintiff for the whole of that lot; and that the proceed-
ings and trial had at the October Term, 1871, resulted in a verdict "that
the said defendant should not take the whole of said Lot No. 6." Whereas
the declaration upon which the trial was had in 1871, proceeded for only a
part of Lot No. 6, and the plaintiff pleaded not guilty as to fourteen-
thirtieths of the land claimed, and the verdict was simply for the defendant
in that action. The declaration also alleged that no proceedings were had
upon the verdict, whereupon and whereby the suit became and was *ended,
determined,* and *abandoned.* Whereas the record produced simply showed

McNamee *vs.* Minke.

that no proceedings whatever were had on the verdict before the present action brought. On objection to the admissibility of the record in the ejectment suit, it was HELD:

1st. That where a record or other document is described in the declaration, and there be any variance between the document produced and that described in the pleadings the document will be rejected.

2nd. That every part of a written document stated in pleading is descriptive and therefore material to be proved as alleged.

3rd. That the discrepancies between the record offered in evidence and that set forth in the declaration, were of a character to require the rejection of the record as evidence.

4th. That the record failed to support the material allegation in the declaration, that the action of ejectment was ended, determined and abandoned; but on the contrary, showed that suit to be undetermined by final judgment, or other entry therein.

5th. That the record was inadmissible upon the broader ground, that when considered in connection with the allegations in support of which it was offered, it failed to show such a prosecution as would maintain the plaintiff's action.

An action is not maintainable for a false and malicious prosecution of an ordinary action of ejectment wherein the plaintiff failed to recover all that he claimed.

It is true a party may be held liable for a false and malicious prosecution of either a criminal or civil proceeding; but when it has been attempted to hold a party liable for the prosecution of a civil proceeding, it has generally been in cases where there has been an alleged malicious arrest of the person, or a groundless and malicious seizure of property, or the false and malicious placing the plaintiff in bankruptcy, or the like.

APPEAL from the Circuit Court for Howard County.

This suit was instituted by the appellant against the appellee, in the Circuit Court for Allegany County, whence upon the suggestion and affidavit of the plaintiff, it was removed to the Circuit Court for Montgomery County, where it was tried, resulting in a verdict for the plaintiff. On motion of the defendant, the Court granted a new trial. Subsequently, upon the suggestion and affidavit of the

defendant, the cause was removed to the Circuit Court for Howard County, where it was tried. The case is stated in the opinion of this Court. A verdict was rendered in favor of the defendant, and judgment was entered thereon for the defendant for costs. The plaintiff appealed.

The cause was argued before BARTOL, C. J., STEWART, ALVEY and ROBINSON, J.

*A. Beall McKaig,* for the appellant.

The declaration charges that Minke wrongfully and unjustly contriving to harass, &c., plaintiff, issued his writ of ejectment, wherein defendant falsely and maliciously claimed as against said plaintiff, all of that piece or parcel of ground, &c., &c.; whereas, in truth and fact, the said defendant, at the time of the suing forth of said writ of ejectment, had not any reasonable or probable cause of action against said plaintiff for the whole of said lot, &c.

Then the grievance complained of is particularly set out, viz., that Minke claimed as against McNamee the whole of said lot, when in truth and fact he was not entitled to the whole. And it further follows that statement up by charging that he, (McNamee,) "not only suffered great pain and distress of mind, and was greatly exposed and injured in his credit and circumstances, and was hindered and prevented," &c. The declaration then shows the particular part in which the claim on the part of Minke was improper, in that he claimed the whole, when he was entitled to but a part.

In declarations in actions of this kind, it is but necessary to "state all the material circumstances attending the malicious prosecution, and how it was disposed of." 2 *Selwyn's Nisi Prius,* 255.

With reference to the allegation regarding the proceedings in the former case, it is merely necessary to state in

the declaration, that they were "legally at an end," and to show how they were ended. *Munns vs. Dupont*, 1 *American Leading Cases*, (5*th Ed.*,) *marg*. 221.

The declaration sets out how the former case was ended, in words plain and sufficient under our simplified form of pleading, (Code, Art. 75, secs. 2 and 3,) viz., "that issue was joined between said plaintiff and said defendant, and a trial thereof was had, and a verdict in favor of said plaintiff, (*i. e.* McNamee,) was rendered by the jury, that the said defendant, (*i. e.* Minke,) should not take the whole of said lot number six, and which said verdict was entered amongst the 'docket entries of said case, on the ninth day of October, 1871, and that up to the date of the institution of this suit, no other or further proceedings in said case has been entered upon by said defendant, (*i. e.* Minke) ; whereupon and whereby the said suit became and is wholly ended, determined and abandoned," &c. Surely that language sufficiently states all the material circumstances attending the malicious prosecution, and how it was disposed of.

It is not necessary to set out *verbatim et literatim* the proceedings themselves. All that is required by the Code is to narrate their character in language sufficiently intelligible to show upon the face of the declaration how they were ended, determined and abandoned. Here we claim as the ground-work of our action, that Minke had abandoned the former suit, and in support of that claim offer the *procedendo* record, papers, proceedings and docket entries in the ejectment case, by the last of which it appears that Minke, after verdict against him, had taken no steps up to the date of the institution of this suit, looking to a continuance of the action—a period of two years and six months. It is but necessary to show that Minke could not recover in the ejectment case, as against McNamee, what he claimed therein, viz., the whole of the lot, and this the declaration upon its face shows. *Turner vs. Walker*, 3 *G. & J.*, 387.

The declaration does show that the former suit was ended by abandonment, for it charges that up to the date of the institution of this suit, no other or further proceedings in said case has been entered upon by said defendant, *whereupon and whereby*, the said suit became and is wholly ended, determined and abandoned. *Pierce vs. Street*, 3 *B. & A.*, 397 ; *Clark vs. Cleveland*, 6 *Hill*, 346.

The fact of the abandonment of the former action is *prima facie* evidence that the action was without foundation ; that in other words, Minke had no probable cause for its institution. The verdict would estop Minke from prosecuting a new action.  " But if the defendant plead, and the plaintiff take issue, and a verdict be found for the defendant on the merits, the plaintiff will be estopped from bringing a fresh action, provided the defendant plead the former verdict specially as an estoppel." 1 *Chitty on Pleading*, 198; *Wood vs. Jackson*, 8 *Wend.*, 1 ; *Wright vs. Butler*, 6 *Wend.*, 288.

But aside from that, Minke, by his having abandoned all further prosecution of his case, as is evidenced by his not moving for a new trial, not praying an appeal, &c., was, at the date of the institution of this suit, *and is now,* unable to prosecute further the former case, and must from " the length of the time which had elapsed "—(*Pierce vs. Street*, 3 *B. & A.*, 397,) " be put to a new one." *Clark vs. Cleveland*, 6 *Hill*, 346.

The abandonment was by the plaintiff in the ejectment suit, because if he intended to further prosecute it, it was his duty to have availed himself of the remedies the laws of Maryland offered him by an appeal, a motion in arrest of judgment, or a motion for a new trial. Instead of taking advantage of any one of those remedies, he did nothing.

There is no material variance between the allegations of the declaration regarding the verdict, and the proof as offered. The allegations are those of matter of substance,

and require only to be substantially proved. 1 *Greenleaf on Ev.*, sec. 70 ; *Purcell vs. Macnamara*, 9 *East*, 157 ; *Stoddart vs. Palmer*, 3 *Barn. & Cress.*, 2 ; *Philips vs. Shaw*, 4 *Barn. & Ald.*, 435.

The declaration does not purport to set out the proceedings in the ejectment case. Therefore it was not necessary to prove them as laid, merely to prove the substance of the allegations, and this was done by the offer of testimony. *Byne vs. Moore*, 5 *Taunton*, 187 ; *Philips vs. Shaw*, 4 *Barn. & Ald.*, 435.

*Charles Marshall* and *J. H. Gordon*, for the appellee.

The declaration is bad.

First.—Because the wrong complained of is not stated with sufficient certainty. The declaration states that the defendant in said ejectment suit, claimed "all of Lot No. 6," *whereas in fact he had not any reasonable or probable cause of action for the whole of said lot.* The declaration must show the particular part in which the claim was improper. *Savil vs. Roberts*, 1 *Salk.*, 14 ; Same case, 1 *Ld. Raymond*, 380 ; 4 *Rob. Prac.* 670, 671 ; *Reynolds vs. Kennedy*, 1 *Wils. Rep.*, 232.

Second.—Because it states that the verdict was for the plaintiff, "*that the defendant should not take the whole of said Lot No. 6*" and does not state what part was recovered and what part was not recovered ; and said verdict was therefore void for uncertainty and not capable of supporting a judgment. 1 *Trials per Pais*, 299 *and* 300 ; *Moore vs. Read*, 1 *Blackford*, 177 ; 3 *U. S. Dig.*, 635, sec. 232.

Third.—Because it does not show that the former suit was ended. *Morgan vs. Hughes*, 2 *Term Rep.*, 227, 228. 231 ; 4 *Rob. Prac.*, 664, 666 ; *Turner vs. Walker*, 3 *Gill & John.*, 377, 387, 389 ; *Skinner vs. Gunton*, 1 *Saunders' Rep.*, 228d, 229, &c., and notes.

The termination must be shown by the *declaration* and by the *proof* also in such a manner as *prima facie* to show

that the action was *without foundation.* *Wilkinson vs. Howell,* 1 *Moody & Malkin,* 495, (22 *E. C. L.,* 368;) 1 *Hilliard on Torts,* 494, 495, 497, 498 ; 2 *Add. on Torts,* sec. 863 ; 1 *Evans' Harris,* 345 *and* 346 *and note.*

The allegation of the declaration does not show such an ending of the case as is necessary, viz., *that no other or further proceedings were entered upon by defendant after the entry of the verdict.''* The case was not terminated by the verdict, and it was the duty of the defendant in that case to move for judgment. *Dietrich vs. Swartz,* 41 *Md.,* 200 ; *Boteler & Belt vs. State, use of Chew, &c.,* 7 *G. & J.,* 109 ; *Truett & Gill vs. Legg,* 32 *Md.,* 147, 150. The verdict has no effect as an estoppel. *Offutt vs. Offutt,* 2 *Har. & Gill,* 178 ; *Warford vs. Colvin,* 14 *Md.,* 555 ; *Schindel vs. Suman,* 13 *Md.,* 310, 314.

The bill of exceptions shows as the ground of exception that the Court refused to permit the *procedendo record, papers and proceedings and docket entries to be read to the jury.*

The Court properly rejected said evidence for the reason of the variance between the record as offered and as described in the declaration. 1 *Chit. Pl.,* 228, 229, 230, 305, 317, 371, 384, 385, *and note p ;* 1 *Starkie on Ev.,* 432, 433, 434, 435.

Matters of description must be proved although not strictly of substance. 1 *Starkie on Ev.,* 443 ; *Green vs. Bennett,* 1 *Term Rep.,* 656 ; *Pope vs. Foster,* 4 *Term Rep.,* 590 ; *Wales vs. Walling,* 3 *H. & J.,* 565 ; *Walsh vs. Gilmor,* 3 *H. & J.,* 383, 384, 409.

The declaration does not show a good cause of action and no good could be accomplished by permitting the evidence to be read to the jury, if it were even admissible in a proper case, and therefore it was properly rejected. *State, use of Levy Com'rs vs. Merryman,* 7 *H. & J.,* 79 ; *Howard vs. Ramsay,* 7 *Har. & John.,* 113 ; *Leopard vs. Canal Co.,* 1 *Gill,* 222 ; *Thompson vs. The State, use, &c.,* 4 *Gill,* 165, 166.

The appellant could not be injured by the rejection of this testimony, because he could not have recovered on his declaration, or on the testimony if it had been admitted, and therefore judgment will not be reversed. *Chew's Adm'r vs. Beall,* 13 *Md* , 348, 371; *Hanson vs. Campbell,* 20 *Md.,* 223.

ALVEY, J., delivered the opinion of the Court.

This is an action on the case for a malicious prosecution of an ejectment suit against the appellant by the appellee.

To the declaration as amended the appellee pleaded five pleas. 1st, That he did not commit the wrongs alleged; 2nd and 3rd, That he did not commit the wrongs alleged within three years, and that the cause of action did not accrue within three years, before action brought; 4th, *Nul tiel* record of the ejectment suit alleged in the declaration; and 5th, That the action of ejectment was not ended as alleged in the declaration.

To the second plea there was a demurrer, and that plea was ruled bad; but upon all the other pleas issues of fact were joined.

At the trial below the appellant offered in evidence a certain *procedendo* record, transmitted from this Court, of the ejectment suit of the appellee against the appellant, the case standing No. 12 on the trial docket of the Circuit Court for Allegany County at the October Term thereof, 1871; together with all the papers and proceedings in that cause, down to and inclusive of the verdict therein; and also a copy of the docket entries of the proceedings in the cause. To the admissibility of this evidence thus offered the appellee objected, and the Court sustained the objection, and the appellant excepted.

It appears that the original action of ejectment, commenced by the service of a copy of the declaration and notice, was brought by the appellee against the appellant in 1864, to which the latter appeared, and disclaimed all

title in himself to the premises sued for, but defended as to two-sixths and two-fifths of one-sixth parts of the property, as tenant and agent of two of his sisters. The sisters, with their husbands, also appeared by leave of the Court, and pleaded the general issue of not guilty, as to the portions claimed by them. Judgment for the present appellee, the plaintiff in that action, was entered for the portion of the land sued for that remained undefended, and the cause proceeded to trial on the defence taken for the portions claimed by the intervening claimants. A verdict was found for the claimants, upon which judgment was entered, and from that judgment the present appellee appealed to this Court. The judgment was reversed; this Court holding that the claimants should not have been allowed to intervene, as the recovery could in no manner affect their rights. 30 *Md.*, 294. Upon the reversal of the judgment a *procedendo* was awarded, and the cause was reinstated in the Court below for a new trial.

After the case was sent down on *procedendo*, the plaintiff in that action obtained leave and amended his declaration, and declared against the present appellant alone for a *part* of lot No. 6, according to a specific description in the declaration. To this amended declaration the defendant pleaded not guilty as to fourteen-thirtieths of the land claimed, and upon trial, at October Term, 1871, a verdict was found for the defendant. It does not appear that there has been any judgment passed upon this verdict, or that there was any motion for such judgment before the present action was brought. And whether the record, showing such state of proceeding in the ejectment suit, was properly excluded by the Court below, is the question, and the only question, presented by the exception taken by the appellant.

That there is a variance between the record offered and the allegations and description as set forth in the declaration, is manifest upon the most casual inspection. The

declaration, in describing the proceedings by which the appellant alleges that he was maliciously prosecuted without probable cause, states that the appellee sued out a certain writ called an ejectment writ, by which the sheriff was commanded to summon the appellant to answer the appellee, &c. Whereas, by the record produced, it appears that the action was an ordinary action of ejectment, commenced, not by writ, but by filing a declaration in the usual form, and having a copy of it, with notice from the fictitious ejector, served on the tenant in possession, according to the regular mode of proceeding before the recent statute abolishing the fictions, and changing the mode of instituting the action of ejectment. Again, the allegations in the declaration are, that, in the action of ejectment, the appellee falsely and maliciously claimed as against the appellant *all* of lot No. 6, when in fact he had no probable cause of action against the appellant for the *whole* of that lot; and that the proceedings and trial had at the October Term, 1871, resulted in a verdict "that the said defendant should not take the whole of said lot number six." Whereas the declaration, upon which the trial was had in 1871, proceeded for only a *part* of lot No. 6, and the appellant pleaded not guilty as to fourteen-thirtieths of the land claimed, and the verdict was simply for the defendant; and not as alleged in the declaration. Then again, it is alleged that no proceedings were had upon the verdict, whereupon and whereby the suit became and was *ended, determined and abandoned*. Whereas the record produced simply shows that no proceedings whatever were had on the verdict before the present action brought.

The distinction in pleading between mere allegations of fact, and matters of description, is familiar, and becomes most material in the production of proof. Where a record or other document is described in the declaration, and there be any variance between the document produced and that

described in pleading, the document will be rejected. It is laid down as established, that every part of a written document stated in pleading is descriptive, and therefore material to be proved as alleged. In 1 *Chit. Pl.*, *p.* 400, (16*th Amer. Ed.*,) it is stated as a rule, " that if a necessary inducement of the plaintiff's right, &c., even in actions for torts, relate to and describe and be founded on a matter of contract, it is necessary to be *strictly correct* in stating such contract, it being matter of *description.* Thus, even in case against a carrier, if the *termini* of the journey which was to be undertaken be misstated, the variance will be fatal." *Loper vs. De Talest*, 1 *B. & Bing.*, 538; *Purcel vs. Macnamara*, 9 *East*, 160; *Weall vs. King*, 12 *East*, 452; 1 *Greenl. Ev.*, *secs.* 58, 64, 65, 69 *and* 70; 2 *Greenl. Ev.*, *secs.* 11 *and* 12. And of course the same principle applies where the action, as in this case, relates to and is founded upon a record, as necessary inducement to the plaintiff's right, which he is required to describe and set forth in his declaration. *Webb vs. Hill*, 1 *M. & Malk.*, 253; 1 *Greenl. Ev.*, *sec.* 70; *Walters vs. Mace*, 2 *B. & Ald.*, 756. The discrepancies between the record offered in evidence and that set forth in the declaration have already been pointed out, and they would seem to be of a character to require the rejection of the record as evidence. But the record fails to support a most material allegation in the declaration, and that is, that the action of ejectment was finally ended, determined and abandoned. As we have seen, there was a verdict for the defendant as to part of the land claimed; but there has been no judgment upon that verdict; and it is impossible in this case to determine what will or may be the final action of the Circuit Court in regard to the verdict. If the verdict should be set aside, it is clear, there would be no foundation for the present action. The record, therefore, utterly fails to show that the ejectment suit was finally ended and determined; but, on the contrary, shows that suit to be undetermined by final judgment, or other entry therein.

In an action for a malicious arrest, an allegation that "the defendants did not prosecute the suit complained of, but therein made default, and their pledges were in mercy," &c., was held not to be supported by proof of a discontinuance; as such allegation amounted to the legal description of a non-suit, and the variance was held to be fatal. *Webb vs. Hill, supra,* as stated in 1 *Wms. Saund.*, 230, *note* 4, *c.* It is said there is a material difference whether the party merely lets the action drop and becomes non-prossed or non-suited, or whether he discontinues the action, which is his own act. *Ib.* If the appellant desired to use the record in the former action as the foundation of the present suit, he should have moved for judgment on the verdict in his favor. It was not for the present appellee to make such motion.

But this record is inadmissible upon the broader and more substantial ground, that, when considered in connection with the allegations in support of which it is offered, it fails to show such a prosecution as will maintain the present action.

It is true, a party may be held liable for a false and malicious prosecution of either a criminal or civil proceeding; but when it has been attempted to hold a party liable for the prosecution of a civil proceeding, it has generally been in cases where there has been an alleged malicious arrest of the person, as in the case of *Turner vs. Walker*, 3 *Gill & John.*, 377, or a groundless and malicious seizure of property, or the false and malicious placing the plaintiff in bankruptcy, or the like. In the case of *Goslin vs. Wilcox,* 2 *Wils.*, 302, which was an action for a malicious prosecution of a civil proceeding wherein the party was arrested, it was said by Lord CAMDEN, C. J., that "There are no cases in the old books, of actions for suing where the plaintiff had no cause of action; but of late years, when a man is maliciously held to bail, where nothing is owing, or when he is maliciously arrested for a great

deal more than is due, this action has been held to lie, because the costs in the cause are not sufficient satisfaction for imprisoning a man unjustly, and putting him to the difficulty of getting bail for a larger sum than is. due.'' But there is a clear and well defined distinction between the actions for a false and malicious prosecution of a civil proceeding, and a false and malicious prosecution of a criminal proceeding. This distinction is stated in 1 *Bac. Abr., tit. Action on the Case,* (*H,*) page 141, where it is said: ''But it must be observed, that there is a great difference between a false and malicious prosecution by way of indictment, and bringing a civil action; for in the latter, the plaintiff asserts a right, and shall be amerced *pro falso clamore;* also the defendant is entitled to his costs; and therefore, for commencing such an action, though without sufficient grounds, no action on the case lies.'' For this the author cites *Salk.,* 14 ; 3 *Lev.,* 210 ; *Hob.,* 266 ; 3 *Leon.,* 138, and *Cro. Jac.,* 432. But if the plaintiff declares that he has been falsely and maliciously arrested, or that, by reason of a false claim maliciously asserted by the defendant, he was required to give bail, and upon failure he was detained in custody, or his property was attached, there the action lies, because of the special damage sustained by the plaintiff. It is not enough, however, for the plaintiff to declare generally that the defendant brought an action against him *ex malitiâ et sine causâ, per quod* he put him to great charge, &c.; but he must allege and show the grievance specially. *Savil vs. Roberts,* 1 *Salk.,* 13, 14; *S C , Ld. Raym,* 374 ; *Goslin vs. Wilcox,* 2 *Wils.,* 305, *and* 306 ; *Add. on Torts,* (*3rd Eng. Ed.,*) 599 ; 4 *Rob. Prac.,* 670, 671. Otherwise, parties would be constantly involved in litigation, trying over cases that may have failed, upon the mere allegation of false and malicious prosecution.

The present action, as we have seen, was brought for the alleged false and malicious prosecution of an ordinary

action of ejectment, wherein the plaintiff failed to recover all that he claimed. In the case of *Purton vs. Honnor*, 1 *Bos. & Pul.*, 204, which was an action on the case to recover damages sustained in defending a vexatious ejectment, it was held, and the Court expressed themselves as being clearly of opinion, on the authority of *Savil vs. Roberts*, 1 *Salk.*, 14, that such an action was not maintainable. And such being the opinion entertained by this Court, in regard to the present action, we think the ruling of the Court below was correct, and their judgment will be affirmed.

*Judgment affirmed.*

(Decided 26th June, 1878.)