# BALTIMORE CITY COURT

Filed January 11, 1890.

## WILLIAM E. CLEMENTS
## VS.
## JAMES McCRACKEN.

*J. F. Preston* for plaintiff.

*Emil Budnitz* for defendant

STEWART, J.—

In this case a demurrer has been filed to the declaration, and the only question to be determined by the Court, is, whether a suit can be maintained against a party, who, in a civil action, has sued a party falsely and maliciously, without probable cause, on a forged bond, knowing that it was not the true, valid and bona fide bond of the party sued for the purpose of recovering damages, alleged to have been sustained, through loss of time and money in defending the suit, and injury done to the business and financial standing of the party sued. The Court of Appeals has said in McNamee vs. Minke, 49 Md. 133, that a party may be held liable for a false and malicious prosecution in a civil proceeding; but when attempted, it has generally been in cases where there has been a malicious arrest of the person or a groundless and malicious seizure of the property, or the false and malicious placing of the plaintiff in bankruptcy, or the like, but on page 135, they say, that in the case of Purton vs. Honner, 1 Bros. and Pul 204, which they quote with approval, and which was an action on the case to recover damages sustained in defend-

ing a vexatious ejectment; it was held that the Court expressed themselves as being clearly of the opinion on the authority of Savil vs. Roberts, 1 Saek. 14, that such an action was not maintainable, and they so decided the case then pending before them.

In a late case, Clements vs. Odorless Excavating Apparatus Co., 69 Md. 461, the Court says that it is quite well settled that an action will lie in some cases for malicious prosecution of a civil suit without probable or reasonable cause, although there is some conflict as to the cases embraced within this rule. Such suits are not, however, encouraged because the law recognizes the right of every one to sue for that which he honestly believes to be his own, and the payment of costs incident to the failure to maintain the suit, is ordinarily considered a sufficient penalty. The plaintiff relies in a measure upon the reasoning in a dissenting opinion filed in the latter case as embracing the true view of the law.

It is not for this Court to decide upon the merits of opinions given in the Appellate Court—it must be governed by the decisions, and in the case cited where the majority was five judges, and the minority one, the decision of the Court, not the opinion, is of binding force. The demurrer will be sustained.