cedure 52.[1]

James GILBERT

v.

Barry BACH, individually and as partner of Smith, Somerville & Case, Ronald Dawson, individually and as partner of Smith, Somerville & Case, Smith, Somerville & Case, Bill J. Sparks, individually and as President of United Laboratories of America, Inc. and United Laboratories, Inc.

Civ. No. S 88–2987.

United States District Court,
D. Maryland.

Oct. 11, 1988.

James Gilbert, Falls Church, Va., pro se.

## MEMORANDUM

SMALKIN, District Judge.

The plaintiff, a disbarred attorney, *see Attorney Grievance Comm. v. Gilbert,* 307 Md. 481, 515 A.2d 454 (1986), has filed this suit against persons who were defend-

---

ants and attorneys in an earlier action filed in this Court (*Cooley v. United Laboratories of America, Inc., et al.*, Civil No. M 83–46) by plaintiff as an attorney (before his disbarment). In the present suit, plaintiff alleges improper use of civil process arising from the filing, in the earlier case, of a third-party complaint against him. The third-party complaint alleged that the present plaintiff had breached the terms of a settlement and release agreement executed by him when he was himself a plaintiff in yet an earlier dispute with the same defendants whom he was suing in Civil No. M 83–46 on behalf of plaintiff Cooley. The present diversity complaint alleges a melange of the Maryland torts of abuse of process and malicious prosecution of civil claim. That is, mixing the elements of those two torts, the complaint alleges that the third-party complaint in Civil No. M 83–46 was maliciously filed without reasonable cause for the improper purpose of keeping plaintiff from assisting Cooley in the prosecution of Civil No. M 83–46, and that the third-party proceedings terminated favorably to plaintiff.

■ This Court, under its inherent authority to prevent the abuse of its own process through repetitive and baseless litigation, will dismiss this case without service of process. Plaintiff's abuse of process claim, which rests on an allegation that the third-party complaint was filed for the improper purpose of keeping him from representing Cooley in the Civil No. M 83–46 case, is barred by *res judicata*. In a Memorandum and Order entered in yet another piece of litigation brought by this plaintiff asserting tort claims against the present defendants for their conduct of the *Cooley* defense, Judge Miller of this Court found, that "defendants' third-party complaint against Gilbert in *Cooley* [Civil No. M 83–46] is based, not on Gilbert's seeking to represent Cooley, but on his 'participat[ing], cooperat[ing] and provid[ing] information to Cooley regarding United in connection with Cooley's suit against United....'" *Gilbert v. Bach, et al.*, Civil No. M 85–3114 (D.Md. Oct. 29, 1986), Mem. Op. at 5. This earlier ruling on summary judgment, which resulted in a final judgment

that was subsequently affirmed by the Fourth Circuit in *Gilbert v. Bach, et al.*, 833 F.2d 1004 (4th Cir.1987), is obviously *res judicata* on a necessary element of the tort of abuse of process, *viz.*, use of process for an *ulterior* or *improper* purpose, and it absolutely bars this suit as a matter of law. Additionally, familiar principles of claim and issue preclusion bar the present abuse of process claim, because it arises out of the same factual scenario litigated to a final conclusion in Civil No. M 85–3114. *See, e.g., Donlan v. Smith*, 662 F.Supp. 352, 359 (D.Md.1986), *aff'd sub nom. Donlan v. Donlan*, 820 F.2d 1219 (4th Cir. 1987).

■ With regard to the tort of malicious prosecution, Judge Miller's earlier finding, affirmed on appeal, also has a preclusive effect. In order to sustain a cause of action for malicious prosecution, the plaintiff must show that there was no reasonable cause to commence and/or prosecute the civil case. Judge Miller's construction of the release agreement and the third-party complaint in Civil No. M 85–3114 makes it plain that the defendants had reasonable cause to file the third-party complaint against Gilbert, based on his giving of assistance to Cooley in apparent violation of the language of the earlier release agreement. Furthermore, as a matter of law, the complaint does not, nor could it in good faith, plead the sort of special injury to person or property required to sustain an action for malicious prosecution of a civil claim under Maryland law. Neither the generalized emotional distress, humiliation, *et cetera*, alleged by the plaintiff, nor the purported interference with his "right" to represent Cooley or to assist Cooley otherwise, is cognizable as special injury under the Maryland law of malicious civil prosecution. *See, e.g., McNamee v. Minke*, 49 Md. 122, 133–35 (1878); *Keys v. Chrysler Credit Corp.*, 303 Md. 397, 407, 494 A.2d 200, 205 (1985). Plaintiff had no right to represent Cooley or to collect a fee for such services at any time in connection with Civil No. M 83–46, because he was never admitted to practice in this Court.

■ Although the Court is hesitant to dismiss a fee-paid diversity case without service of process, there are unique circumstances presented here justifying such an extraordinary step. First, the suit is plainly devoid of any arguable legal merit. Second, in view of the vexatious behavior of this plaintiff in the course of his previous litigation, both as attorney and litigant, it would be an abuse of this Court's process to allow this case to proceed and thus to cause the defendants needlessly to incur the legal expenses involved in answering or otherwise responding to a baseless suit that is plainly retributive and frivolous. The authority of a district court to dismiss such suits, *sua sponte*, based on the record of previous litigation in the same court, is unquestioned. *See* cases collected in 18 C. Wright, A. Miller, and E. Cooper, *Federal Practice and Procedure: Jurisdiction* § 4405 at 33 n. 3 (1981).

For the reasons stated, an order will be entered separately, dismissing the plaintiff's complaint as barred by *res judicata*, as legally frivolous, as vexatious, and as an abuse of this Court's process.

### ORDER

For the reasons stated in the foregoing Memorandum, IT IS, this 11th day of October, 1988, by the Court, ORDERED:

1. That the present complaint BE, and the same hereby IS, DISMISSED as barred by *res judicata*, as legally frivolous, as vexatious, and as an abuse of this Court's process, without service of process; and

2. That the Clerk of Court mail copies of the foregoing Memorandum and of this Order to the plaintiff *pro se*, and to defendants, at the addresses on the complaint.