Van Vorst, J.
By the order of Justice Sedgwick, of December 17,1873, leave was granted to the plaintiff, within ten days after the service of a supplemental answer, to enter an order dismissing the complaint in this action on payment of costs.
*192 On April 21,1874, the plaintiff’s attorney paid to the defendant’s attorney $100 costs, and a stipulation was signed by the attorneys for the respective parties, that the action be discontinued without costs, and that an order to that effect be entered, and on the following day an order was made and entered at special term discontinuing the action.
Such an order must be regarded as a final disposition of the action, and with its termination the injunction was in effect dissolved.
The simply consenting by the defendant’s attorneys to the entry of an order discontinuing the action, after the direction of the judge by his order of December previous allowing it, can hardly be urged as a valid reason why an order should not now be made directing an inquiry as to the items of the defendant’s damages, sustained by occasion of the injunction.
The final liability of the sureties of the undertaking, after all, is to be determined by a direct proceeding upon it.
The inquiry as to damages only determines the amount of the defendant’s damages, in the event that the parties to the .undertaking are finally adjudged by action to be liable on the instrument. In Carpenter v. Wright (4 Barb. 655) it is said, “The reference will settle the measure of liability, if the parties to the undertaking shall be held to be liable, but not the fact of liability” (Leavitt v. Dabney, 2 Sweeny, 613).
The motion for a reference is granted.