PETER J. VANDERBILT, Appellant, v. JOHN SCHREYER, as Executor, etc., and Others, Respondents.

*Injunction — undertaking given upon procuring it — what is a final decision that the plaintiff is not entitled to it.*

An execution having been returned unsatisfied upon a judgment recovered against the defendant by the plaintiff the latter, during the pendency of an appeal taken by the defendant from such judgment, brought this action to set aside certain conveyances alleged to have been fraudulently made by the defendant and procured a temporary injunction restraining him from collecting the rents of the premises so conveyed. Subsequently the judgment appealed from was reversed and a new trial ordered. Thereafter a judgment previously entered in this action was vacated; and subsequently the plaintiff, pursuant to an order allowing him so to do, discontinued the action, without costs. The injunction granted in this action was dissolved by the court prior to the entry of the judgment herein.

Upon an application to recover the damages occasioned by the injunction, upon an undertaking given by the defendant providing for the payment of all damages the plaintiff might sustain by reason of the injunction, if the court should finally decide that the plaintiff was not entitled thereto:

*Held*, that the decision of the court refusing to continue the injunction and dissolving it was, under the peculiar circumstances of the case, a final decision that the plaintiff was not entitled to it within the meaning of the undertaking.

Appeal from an order of a Special Term confirming the report of a referee awarding damages to the defendants, upon an undertaking given by the plaintiff upon procuring a temporary injunction.

*M. L. Harney*, for the appellant.

*J. L. Lindsay*, for the respondents.

Davis, P. J.:

An injunction order based upon affidavit was obtained in this action at its commencement, accompanied with an order to show cause why it should not be continued, which restrained the defendant from collecting the rents and profits of divers residences situated in the city of New York. At the time of obtaining the injunction an undertaking was executed on behalf of the plaintiff by which the parties thereto undertook in the sum of $4,000, that the plaintiff would "pay to the defendant so enjoined such

damages, not exceeding the above mentioned sum, as he may sustain by reason of the injunction if the court finally decides that the plaintiff was not entitled thereto, such damages to be ascertained and determined by the court, or by a referee appointed by the court, or by a writ of inquiry or otherwise as the court shall direct."

On the hearing of the order to show cause why the injunction should not be continued, at the Special Term, the defendant appeared by counsel, presented affidavits, in opposition, and contested the right of the plaintiff to have and continue the injunction. The Special Term denied the motion to continue, and dissolved the injunction. This motion was made and decided prior to the trial of the action.

The action was in the nature of a creditor's bill to set aside alleged fraudulent conveyances of the premises affected by the injunction. It was based upon a judgment recovered by plaintiff and execution returned *nulla bona*. An appeal from the judgment was pending when this suit was commenced. Upon issues joined in this action the plaintiff upon trial at Special Term recovered judgment, but soon afterward the judgment on which the action was brought, was reversed by the General Term, and a new trial was ordered. Subsequently the judgment in this action was opened, and the defendant was allowed to plead the reversal of the judgment *puis darrein continuance*. The plaintiff thereupon entered an order pursuant to leave duly given, vacating his judgment and discontinuing his action without costs.

The principal question presented by this appeal is whether there has been such a final decision by the court that the plaintiff was not entitled to the injunction, as satisfies the condition of the undertaking.

The case is a peculiar one; but we think the decision of the Special Term denying the motion to continue the injunction and dissolving the same, became final upon the question whether the plaintiff was entitled to the injunction when the plaintiff discontinued his action, notwithstanding the peculiar circumstances under which that was done. He was allowed to discontinue without costs, but that related merely to the costs of the action and not to the damages sustained by defendant by reason of the injunction and his efforts to get rid of the same.

The judgment recovered by the plaintiff can have no effect upon this question because it was wholly vacated and set aside. The issues in the action stood after the judgment was vacated, wholly untried, and the judgment cannot be considered as determining the right of the plaintiff to have the injunction.

As soon, therefore, as the action was finally terminated by the order of dismissal or discontinuance, the order of the Special Term dissolving the injunction became operative as a final decision of the court that the plaintiff was not entitled thereto.

These views seem to be sustained on principle and by the authorties. (*Pacific Mail Steamship* v. *Lueling*, 7 Abb. [N. S.], 37; *Palmer* v. *Foley*, 2 Abb. N. C., 191; *Carpenter* v. *Wright*, 4 Bosw., 655.) And they are not in conflict with the rule laid down in *Lawton* v. *Green* (64 N. Y., 326).

It is claimed that the allowance of $250 for services of attorney and counsel on the motion at Special Term was excessive. It certainly looks like a large amount for that particular service; but the evidence before the referee showed that it was charged and paid, and that the services in fact rendered were reasonably worth that amount. We do not feel at liberty to interfere with the allowance on the score of excessiveness. The actual expenses of the reference were properly included. Their amount is not objected to.

We think the order should be affirmed, but under the circumstances without costs of the appeal.

BRADY, J., concurred.

Present — DAVIS, P. J.; BRADY and INGALLS, JJ.

Order affirmed.