.D. Wentworth Hayden and others *vs.* Charles Keith and another. | 32 277 |
| 44 512 |

July 7, 1884.

Injunction—Remedy of Defendant—Action on Bond.—An action upon the bond required by Gen. St. 1878, *c.* 66, § 203, to be filed by plaintiff on the allowance of a writ of injunction, is the sole remedy of a defendant for the recovery of his damages by reason of the issuance of such writ, if the court finally decides the plaintiff not entitled thereto, unless the writ was sued out maliciously, and without probable cause.

Same—Objection for Insufficiency of Bond.—If the sum named in the bond is insufficient as security, it is the duty of the court, upon defendant's motion, to set aside the writ unless additional security be given.

Same—Damages—Reference.—The defendant's damages may be ascertained in the same action, by reference or otherwise, as the court may order, or in the suit upon the bond.

Plaintiffs brought this action in the district court for Mille Lacs county, to recover damages occasioned by the allowance and service of a writ of injunction in a former action brought by defendants against plaintiffs, (*Keith* v. *Hayden*, 26 Minn. 212.) On the trial, before *Collins*, J., and a jury, when the plaintiffs rested their case, the court dismissed the action, upon the ground that there was no evidence tending to show that the application for the writ of injunction was made maliciously or without probable cause. Plaintiffs appeal from an order refusing a new trial.

The action is not brought upon the injunction bond, the complaint alleging that the bond "has been abstracted or lost from the files of said district court, and the plaintiffs are unable to procure the same or any copy thereof to attach to this complaint."

*Benton & Roberts*, for appellants.

*Chas. D. Kerr*, for respondents.

Vanderburgh, J. The district court allowed an injunction to issue .at the suit of defendants against these plaintiffs, and a bond approved by the court was duly filed as security for such damages as they might sustain by reason of the writ, if the court should finally

decide that the parties applying therefor were not entitled thereto. Judgment having been duly recovered and entered in favor of these plaintiffs, whereby it appeared that the defendants were not entitled to the writ, the plaintiffs bring this action to recover the actual damages by them sustained by reason of such injunction. It is not, however, brought upon the bond, though plaintiffs allege that one had been executed, and it is not alleged or claimed that the writ was sued out maliciously or without probable cause.

The plaintiffs contend that when the court, pursuant to the statutes, orders the writ to issue, the right to the actual damages accrues as an incident to the allowance and issuance of the process, whether a bond is filed or not, and that in case a bond with sureties is filed, as required by the statute, it is to be regarded simply as further or additional security for such damages. We are unable to assent to this. The bond is not cumulative, but the only security of the defendant in the injunction suit. *Lawton* v. *Green,* 64 N. Y. 326.

Gen. St. 1878, c. 66, § 203, is a transcript of section 222, N. Y. Code, which was substituted for rule 31 of the court of chancery in that state, from which rule 7, Minnesota Territorial District court, (equity side,) appears to have been copied. 1 Minn. 461. Prior to the adoption of that rule the defendant was remediless for any damages suffered by reason of the issuance of an injunction, unless maliciously caused to be issued. The sole remedy is, therefore, that which is furnished by the statute upon the bond. The party aggrieved must therefore bring his action upon it, and his recovery must be limited by the amount specified in the bond. *Lawton* v. *Green,. supra; Cayuga Bridge Co.* v. *Magee,* 2 Paige, 116, 121. If, upon the allowance of the writ, an undertaking were executed containing no limitation as to the amount of damages, doubtless the obligors would be bound by its terms, and the defendants would be entitled to all damages sustained by reason of the writ. *N. C. Gold Co.* v. *N. C. Ore Co.,* 79 N. C. 48; Gen. St. 1878, c. 124, § 3. Such, however, does not appear to have been the case here. The amount of security named in the statute is the minimum to be required by the court upon allowing the writ, and if it turns out that the same is insufficient, the writ may be set aside upon motion, unless additional security be

given. *Loveland* v. *Burnham*, 1 Barb. Ch. 65; *Leavitt* v. *Dabney*, 40 How. Pr. 277.

The statute provides that the damages may be ascertained by reference or otherwise, as the court shall order. After judgment determining that the plaintiff is not entitled to the writ, and not before, the party defendant is entitled to apply for a reference to assess the amount of his damages in a summary way in the same action. The inquiry upon the reference only concerns the amount of the damages; the right to recover them, if disputed, must be determined in an action upon the undertaking. *Carpenter* v. *Wright*, 4 Bosw. 655; *Palmer* v. *Foley*, 2 Abb. N. C. 191. The parties signing the bond contract with reference to the statute, which provides the manner in which the damages may be ascertained. They are therefore bound by it, as a part of the contract. *Methodist Church* v. *Barker*, 18 N. Y. 463, 466; *Wilde* v. *Joel*, 15 How. Pr. 320, 327. But we do not think this remedy ought to be held exclusive; and, whatever may have been the original practice under the chancery rule, we see no good reason why the parties may not waive this method of assessing the damages, and have the same ascertained directly in the suit upon the bond. This is the course more commonly pursued in this state, we think, and is convenient in practice, and just to all parties. We do not undertake to say, however, that the court might not order the damages to be assessed by a reference, also, in such suit. But, ordinarily, there would seem to be no good reason why the amount of damages and right of recovery on the bond should not be determined together by a jury, as in other cases.

Order affirmed.