No. 1,920.

## HARLESS ET AL. *v.* THE CONSUMERS' GAS TRUST COMPANY.

INJUNCTION. — *Damages.* — *Dissolution of Order.* — Plaintiff in an injunction proceeding is not liable to the defendant for damages occasioned after dissolution of the order in an action which is not founded upon the undertaking or upon a malicious prosecution by such plaintiff.  (See note at end of opinion.)

MAXIM. — *Damages.* — *Damnum absque injuria.*

From the Henry Circuit Court.

*H. C. Ryan,* for appellants.

*R. N. Lamb* and *R. Hill,* for appellee.

LOTZ, J.—It is conceded by counsel for appellants and counsel for appellee, that the controlling question involved in this appeal, relates to the sufficiency of the third paragraph of appellee's amended complaint.

This paragraph alleges, in substance, that on the 25th day of September, 1891, the defendants brought an action in the Madison Circuit Court, against this plaintiff, to enjoin it from laying its gas pipes and mains through certain lands, and that, in order to obtain a temporary restraining order, the defendants procured and caused to be executed a certain written undertaking of the tenor and effect following :  We undertake that the plaintiffs in the cause of Matilda Harless *et al.,* against the Consumers' Gas Trust Company, shall pay to the defendants therein all damages and costs which may accrue to it by reason of the injunction issued in this action ; that the defendants procured one Edward

Harless, and others whose names are to plaintiff unknown, to sign and execute said written undertaking, which undertaking was by the defendants presented to the Madison Circuit Court, and approved and filed among the papers in said cause ; that upon the approval and filing of said undertaking, and upon the motion of the defendants, a restraining order was granted, and the plaintiff in this action (defendant in that action) was enjoined and restrained from laying its gas pipes and mains until the further order of the court. There are other averments that show that the injunction granted was finally dissolved by the court, and that the plaintiff suffered great damage on account of its enforcement.    It is also averred that the undertaking has become lost.

The defendants in this action were the plaintiffs in the injunction proceeding.    There is no averment that they signed or executed the undertaking, nor is the pleading based upon the undertaking itself, nor is there any allegation that the injunction proceedings were instituted and prosecuted maliciously and without probable cause.

The question here presented is this:  Is the plaintiff in an injunction proceeding liable to the defendant for the damages occasioned after the dissolution of the order, independently of the undertaking, and aside from malice and want of probable cause?    This seems to be a new question in this State.

By section 1166, R. S. 1894 (section 1152, R. S. 1881), it is provided that "no injunction or restraining order should be granted until the party asking it shall enter into a written undertaking, with surety  *  *  * for the payment of all damages and costs which may accrue by reason of the injunction or restraining order." There is no allegation that the undertaking was signed by the

defendants or that their names appeared thereon, but it does appear that an undertaking was filed and the injunction granted. If appellants' names appeared thereon, no matter how, nor by whom signed, the filing of the undertaking and procuring the order would, under such circumstances, make such signatures their own, although written without their knowledge, and the undertaking would be sufficiently executed by them. *Nye* v. *Lowry*, 82 Ind. 316 (320).

And after accepting the benefits of such undertaking, they would be estopped to deny its execution. *Koons* v. *Cluggish*, 8 Ind. App. 232; *Vickery* v. *Board, etc.*, 134 Ind. 554; *Robertson* v. *Smith*, 129 Ind. 422 (15 L. R. A. 273). But it does not appear from the averments that the names of the defendants were upon the undertaking at all, and there was nothing to show that they executed it. They have, however, received the benefits, the same as if they had duly executed the undertaking. They procured the order to be wrongfully issued. The appellee insists that they are liable for this wrong.

In the ordinary civil action, the losing party is mulcted in the costs, and often the successful party is heir to much pecuniary loss, notwithstanding the final judgment in his favor. Such loss is usually *damnum absque injuria*. But if a party in prosecuting an action be actuated by malice and proceed without probable cause, the injured party has a common law remedy for malicious prosecution. This rule applies to injunctions as well as to other forms of action.

In the early history of equity jurisprudence, temporary restraining orders were issued without requiring any bond or other security. If, upon final hearing, the injunction was dissolved, the party enjoined might recover his costs. But he had no other remedy except

an action on the case when the suit was malicious and without probable cause. As the party enjoined frequently suffered great damages for which he had no adequate remedy, the custom grew up in the equity courts that the chancellor in the exercise of his discretion might require of the plaintiff a pledge or bond to indemnify the defendant against loss in the event the injunctive order should be wrongfully issued. Upon the dissolution of the injunction the court might in the same proceeding determine whether or not the defendant was entitled to damages, and assess the same, or cause them to be assessed by reference to a master. This is still the practice in the courts of chancery in England, and on the equity side of circuit courts of the United States, and this method is adopted by statute in some of the States. *Russell* v. *Farley,* 105 U. S. 433.

In this State the court has no discretion, except in a few cases specially provided by statute. It can only issue a temporary injunction upon the filing of an undertaking, and it has never been the practice under our statute to assess the defendant's damages in the same proceedings on dissolution of the injunction. This requires a separate action.

That the person enjoined may maintain an action for malicious prosecution is well settled by authority. *Robinson* v. *Kellum,* 6 Cal. 399; *Asevado* v. *Orr,* 100 Cal. 293; *Cox* v. *Taylor's Admr.,* 10 B. Mon. 17; *Manlove* v. *Vick,* 55 Miss. 567; *Burnett* v. *Nicholson,* 79 N. C. 548; *Hayden* v. *Keith,* 32 Minn. 277; *Lawton* v. *Green,* 64 N. Y. 326; *Palmer* v. *Foley,* 71 N. Y. 106; *Mark* v. *Hyatt,* 18 L. R. A. 275; *City of St. Louis* v. *St. Louis Gas Light Co.,* 82 Mo. 349; *Keber* v. *Mercantile Bank,* 4 Mo. App. 195; *Teasdale* v. *Jones,* 40 Mo. App. 243.

But when malice and probable cause are not charged, the only other remedy left to the person enjoined is an

action on the undertaking or bond.   "Without a bond for the payment of damages or other obligation of like effect, a party against whom an injunction wrongfully issues can recover nothing but costs, unless he can make out a case of malicious prosecution.  It is only by reason of the bond, and upon the bond, that he can recover anything."   *Meyers* v. *Block*, 120 U. S. 206 (211).

Ordinarily, when a party gives a bond or undertaking to secure the performance of his contracts he is liable for the breach of his contract independently of the bond, and an action may be maintained against him thereon. But this case is distinguishable from that class of cases. The undertaking here is given to secure the appellee against the appellant's wrongful and tortious conduct. The appellee has its common law remedy if the action is malicious and without probable cause, but it has no other remedy except upon the undertaking.   As the paragraph under consideration is not based either upon malicious prosecution nor upon the undertaking, it is insufficient to withstand appellant's demurrer for want of facts.

Judgment reversed, with instructions to sustain the demurrer to the third paragraph of amended complaint.

Filed March 31, 1896.

NOTE.—The right to recover damages caused by an injunction is considered in a note to *Mark* v. *Hyatt* (N. Y.), 18 L. R. A. 275.