·CHARLESTON.

GLEN JEAN, LOWER LOUP & D. R. Co. *v.* KANAWHA, GLEN JEAN & E. R. Co.

Submitted January 25, 1900—Decided April 7, 1900.

1. COMMON LAW—*Damages—Injunction.*
    At common law, damages occasioned by the suing out of

an injunction were not recoverable, unless the suit was with-out probable cause. or prosecuted through malice,   (p. 720).

2.   STATUTORY BOND—*Common Law.*
    The statutory bond is intended to supply this defect in the common law.   (p. 720).

3.   INJUNCTION—*Damages—Probable Cause.*
    Where no bond has been required, damages are not recoverable, unless the injunction was maliciously sued out, without probable cause..  (p. 720).

4.   REAL ESTATE—*Trespass—Description.*
    In an action of trespass to real estate, unless the object of the suit is to try the title to the land, it is not necessary to describe it with accuracy and particularity, but only to designate it by possession name, or by some of its abuttals or monuments, sufficiently to give the defendant notice of its locality, so that he may properly plead to the action.   (p. 723).

Error to Circuit Court, Fayette County.

Action by the Glen Jean, Lower Loup and Deepwater Railroad Company against the Kanawha, Glen Jean and Eastern Railroad Company.   From a judgment dismissing the action, plaintiff brings error.

*Reversed in part.*

J. W. DAVIS and A. D. PRESTON, for plaintiff in error.
BROWN, JACKSON & KNIGHT, for defendant in error.

DENT, JUDGE:

The Glen Jean, Lower Loup and Deepwater Railroad Company filed its declaration in trespass on the case in the circuit court of Fayette County against the Kanawha, Glen Jean and Eastern Railroad Company, which demurred thereto.   The demurrer was sustained, and, plaintiff refusing to amend, the suit was dismissed, and this writ of error followed.

The declaration contains five counts.   The first, second, and fifth are for damages sustained by reason of the suing out of an injunction which was afterwards dissolved. They fail to charge that the injunction was sued out maliciously or without probable cause.   This is a fatal defect. The authorities relied on by plaintiff's counsel are all against him.   They are unanimous in holding that no ac-

tion lies at common law if the injunction was sued out on probable cause and without malice; and the case of *Gorton* v. *Brown*, 27 Ill. 489, holds that, if a bond is given, no action will lie, even where there is lack of probable cause, and malice exists, but the action must be on the bond. If no bond is given, it is intimated that the action might lie, if there is want of probable cause, or malice exists. In 7 Lawson, Rights, Rem. & Prac. 5791, it is said that a "defendant in an injunction suit has a common-law right of action to recover damages, in addition to the remedy by action on the bond." But this is where the injunction is obtained and used maliciously, without probable cause. The cases cited to sustain the text show this to be the true meaning of the language quoted. In the case of *Mitchell* v. *Railroad Co.*, 75 Ga. 398, it is held that an action does not lie at common law unless the injunction is sued out maliciously and without probable cause. So with the cases of *Manlove* v. *Vick*, 55 Miss. 567; *Iron Mountain Bank* v. *Mercantile Bank*, 4 Mo. App. 505; *Hayden* v. *Keith*, 32 Minn. 277, (20 N. W. 195). These cases all sustain the text found in High, Inj. § 1648, and 10 Enc. Pl. & Prac. 1119, and there are none to the contrary. The very purpose of the legislature in requiring an injunction bond to cover actual damages sustained was to supply this defect in the common law, and was not declarative thereof. The defendant to a dissolved injunction has two remedies,—one (statutory) on the injunction bond; the other (common law) for the malicious use of judicial process, without probable cause. Where no bond is given, the latter remedy alone exists. It becomes the defendant to an injunction suit to see that a good and sufficient bond is given, and unless he does so, he can recover no damages, in the presence of probable cause, and in the absence of malice. The defect in the bond complained of, if a defect,—for this is a matter not to be determined in this suit,—could have been easily remedied, had counsel been attentive to the interest of his client. For this inattention it must look to the neglectful counsel, and not to the court or the present defendant. In the case of *Tavenner* v. *Morehead*, 41 W. Va. 116, (23 S. E. 673), a similar right of action was considered by this Court, and the following statement of the law was

quoted with approval (page 123, 41 W. Va., and page 676, 23 S. E.): "This rule of public policy, as has been well said, 'is applicable alike to civil and criminal remedies and proceeding, that parties may be induced freely to resort to the courts and judicial officers for the enforcement of their rights and the remedy of their grievances, without the risk of undue punishment for their own ignorance of the law, or for errors of courts and judicial officers. The remedy of the party unjustly arrested or imprisoned is by the recovery of costs which may be awarded to him, or the redress which some statute may give him, or by an action for malicious prosecution in case the prosecution has been from unworthy motives and without probable · cause.' *Teal* v. *Fissel* (C. C.) 28 Fed. 351." This law applies with equal force in this case. The remedy of the party unjustly enjoined is the recovery of costs in the first instance, damages on the statutory bond, if one be given, or an action of trespass on the case for malicious prosecution of the injunction suit. The gist of the latter action is the want of probable cause, and the maliciousness of the defendant's conduct. *Vinal* v. *Core*, 18 W. Va. 1; *Hale* v. *Boylen*, 22 W. Va. 234; *Brady* v. *Stiltner*, 40 W. Va. 289, (21 S. E. 729).

The fourth count does not even charge a legal trespass. It avers that the plaintiff had a right of way (describing it), and proceeds: "And plaintiff having said right of way and being possessed thereof, and then and there having the same graded by sundry laborers, and being so possessed thereof, the defendant, for the purpose of injuring the plaintiff, and harrassing it, took possession of said land and right of way, and forbade the said laborers to work on and grade the same, and held possession thereof from the 28th day of April, 1897, until the 22d day of April, 1898." There is no allegation that the defendant entered and took possession either wrongfully or unlawfully. The defendant's entry may have therefore been both rightful and lawful, although the plaintiff may have been harrassed and injured thereby. A tenant at will, it matters not that he is in possession of the tenement lawfully, may be dispossessed by his landlord entering and taking possession; and although such tenant may consider himself harrassed and

injured thereby, and although the landlord may enter for such purpose, still he has the lawful right to do so. It is an injury and harrassment resulting from the tenancy, of which the tenant has no right to complain. This count is therefore bad, for defectively stating what might be a good cause of action if properly stated.

The third count is as follows, to wit:  "(3) And whereas the said plaintiff before and at the time of committing the grievances hereinafter enumerated had been and was lawfully possessed of a certain tract of land, containing nine acres, situated and being in the county of Fayette, and between the Loup Creek Branch of the Chesapeake and Ohio Railway and the property line of the real estate of N. M. Jenkins and T. C. McKell, and on Upper Loup Creek and Whiteoak Branch, in the county aforesaid, and by reason thereof the plaintiff had the right to the possession and use thereof, and to occupy and work on said land, but the said defendant, well knowing the premises, but wrongfully and unjustly intending to injure the plaintiff in that behalf, and deprive it of the use and benefit of said land, whilst the plaintiff was so possessed of said land, to wit, on the 28th day of April, 1897, and on divers other days and · times between that day and the 22d day of April, 1898, at the county aforesaid, wrongfully and injuriously seized upon and took possession of said land, and forcibly ejected the plaintiff from said land, and prevented it from working on said land as of right it might have done, and held and kept possession of said land from the said 28th of April, 1897, until the 22d day of April, 1898, and plaintiff was deprived of the use of said land for the period aforesaid, at the county aforesaid, and it was thereby injured and damaged in the sum of twenty thousand dollars."  There is only one objection made to this count, and that is an insufficient description of the place of the trespass. In all other respects the count appears sufficient, as it charges the trespass to have been wrongful, which is equivalent to unlawful. The defendant's counsel rely on the case of *McDodrill* v. *Lumber Co.*, 40 W. Va. 564, (21 S. E. 878), to sustain their contention as to the sufficiency of the *locus in quo*. In that case it was held that "the place where the acts complained of were done is material and traversable, and the allegations there-

of must in some way—either by the name of the land or close, by some or all of its abuttals, by naming a particular locality, or in some other way—designate or describe such *locus in quo* with a reasonable degree of definiteness." On page 568, 40 W.. Va., and page 879, 21 S. E., JUDGE HOLT says: "It is not called the close of any one, or designated as in the occupation of any one, or given any name or description, nor metes or bounds of any kind, in whole or in part. Any one or all of these modes of designation would have sufficed." At common law, it was not necessary to describe the land, unless the defendant's plea required a new assignment.  26 Am. & Eng. Enc. Law, 628.  And now it is only necessary to designate it by name or by some of the abuttals, or by some other sufficient description to identify the place of the trespass.  The same accuracy of description is not required as in ejectment or unlawful detainer, unless the action is brought to try title; for the recovery of the possession is not sought, and, though the land be generally described, proof of trespass on any part thereof is sufficient.  *Hall* v. *Mayo*, 97 Mass. 416.  This count describes the land as containing nine acres, and in the lawful possession of the plaintiff (meaning from what follows, actual possession), "situated and being in the county of Fayette and between the Loup Creek Branch of the Chesapeake and Ohio Railway and the property line of the real estate of N. M. Jenkins and T. G McKell, and on Upper Loup Creek and White Oak Branch"  This shows the quantity of the land, in whose actual possession it was, and also some of the abuttals, and the waters on which located. Hence, it comes clearly within the requirements of the *McDodrill* v. *Pardee* case.  But it is not the mere trespass on the land or portion thereof that is sued for, but it is for the wrongful and forcible ejection of plaintiff from the land, and the keeping it out of possession from the 28th of April, 1897, until the 22d of April, 1898,—the deprivation of the use of the property by the forcible trespass and holding of the defendant.  What damages the plaintiff is entitled to recover, it is not necessary now to determine. To unlawfully enter on the land of another, and forcibly oust the owner, and keep him out for a long period of time, would certainly entitle him to some compensation, to be

·given in the shape of damages, be it little or much. If, however, he wants special or consequential damages, his allegations must be made with this end in view; otherwise, he can receive nothing but actual damages. He might possibly recover the mesne profits, as they are recoverable in an action of trespass. These are questions for the circuit court in the first instance. This third count being good, and the other four bad, the judgment is affirmed as to the latter and reversed as to the former, and the case is remanded to the circuit court for issue and trial on such good count.

*Reversed in part.*