WILLIAMS, Appellant, vs. AINSWORTH, Respondent.

*March 26—April 19, 1904.*

*Malicious prosecution: Termination of proceeding: Injunction: Malicious abuse: Damages.*

1. An order that a defendant show cause on a certain day why he should not be restrained from disposing of his property *pendente lite,* and restraining him from disposing of it in the meanwhile, went down because the court was not in session on the day set, and was abandoned. *Held,* that such termination of that proceeding did not give said defendant a right to maintain an action for malicious prosecution before the termination of the action in which that proceeding was had.

2. In an action to recover damages for the malicious abuse of an injunctional proceeding to restrain the sale of property, it appeared that the property could have been sold at prices as high immediately after the termination of the proceeding as before it was in force, and there was no proof that the party restrained could or would have sold it during the time he was so restrained. *Held,* that the jury were properly directed that there could be no recovery.

3. To warrant a recovery in such a case it must appear that the injunction prevented a sale.

APPEAL from a judgment of the circuit court for Waushara county: CHAS. M. WEBB, Circuit Judge. *Affirmed.*

The complaint sets up the following facts: The respond-

-ent, as assignee of a claim against appellant, commenced an action to recover the sum of $275. In this action respondent alleged, on information and belief, appellant's insolvency; that he was not possessed of property, except a crop of potatoes, from which the indebtedness could be satisfied; and that he, with intent to defraud his creditors, was about to dispose of them and place the proceeds beyond the reach of any judgment. Upon application to a court commissioner for an order restraining appellant from disposing of his property *pendente lite,* he made an order, setting a day for appellant to show cause why an injunctional order should not issue restraining him from disposing of his property. Meanwhile he was ordered not to dispose of it. Appellant alleges that this temporary order was procured for the purpose of hindering, harassing, and injuring him in making a sale of a large quantity of potatoes which he was about to sell. Appellant alleged that the allegations of insolvency and that he threatened to dispose of his property and place the proceeds beyond the reach of any judgment were wholly false, and that this was well known to respondent, and that the order was procured maliciously. It is further claimed that appellant sustained damages because he was compelled to hold the potatoes, and that he was thereafter forced to sell at a lower price, and was subjected to expense and loss in sorting, handling, and shipping them.

After setting up respondent's malicious proceeding without any probable cause, it is further claimed that the complaint states a second cause of action by alleging that the application for an injunctional order was for the purpose of maliciously using the order of the court to appellant's injury, in that respondent procured this restraining order for the purpose and with the intent to harass, annoy, and injure appellant in his property; that she abandoned the proceeding on January 24th, because it was without foundation and just claim in the law; and that appellant, by reason of this ma-

licious and wrongful conduct, suffered damages in being prevented from disposing of his potatoes as heretofore stated.

At the conclusion of the testimony respondent moved the court that it direct a verdict in favor of respondent upon the ground that the action of a malicious prosecution was premature, because the principal suit had not yet been terminated, and, further, that as an action for malicious abuse of process the evidence showed that respondent acted upon the advice of counsel and in good faith, and that no damages were shown to have resulted to appellant from the proceedings taken. This motion was granted on the ground that the malicious prosecution in the principal suit had not been terminated, and if the complaint was sufficient to charge abuse of process no damages had been shown. This is an appeal from the judgment entered upon the verdict as directed by the court.

*W. E. Cavanaugh,* for the appellant, to the point that the action was not prematurely begun, cited *Fortman v. Rottier,* 8 Ohio St. 548; *Tomlinson v. Warner,* 9 Ohio, 103; *Luby v. Bennett,* 111 Wis. 613; Cooley, Torts (2d ed.) 219; *Alsop v. Lidden,* 130 Ala. 548; *Bump v. Betts,* 19 Wend. 421; 19 Am. & Eng. Ency. of Law (2d ed.) 683, 685, and cases cited in notes; *Ingram v. Root,* 51 Hun, 238, 3 N. Y. Supp. 858. A termination of the action or proceeding by abandonment or from any other cause is sufficient. *Lueck v. Heisler,* 87 Wis. 644; *Pixley v. Reed,* 26 Minn. 80, 1 N. W. 800; *Swensgaard v. Davis,* 33 Minn. 368, 23 N. W. 543; *Cardival v. Smith,* 109 Mass. 158; *Clark v. Cleveland,* 6 Hill, 344; *Fay v. O'Neill,* 36 N. Y. 11.

For the respondent the cause was submitted on the brief of *Thompsons, Reed & Pinkerton.*

Siebecker, J. The court directed a dismissal of the complaint for a malicious prosecution, upon the ground that the

action in which it is alleged an order of injunction was maliciously procured without probable cause had not been finally terminated.   It appears that this action is still pending.   Appellant contends, however, that the abandonment of this particular restraining order is a sufficient termination of the malicious prosecution of the action, and cites us to the case of *Luby v. Bennett,* 111 Wis. 613, 87 N. W. 804, and other cases in support of this contention.

In the case of *Luby v. Bennett* it is distinctly stated that the action which was charged to have been maliciously and wrongfully prosecuted and for which damages were claimed had terminated in a judgment in favor of the party claiming damages for its malicious prosecution, and that nothing remained to be done in that suit aside from the necessary steps to enforce the rights of the parties under the final judgment. We have examined the cases urgently pressed to our attention, and find none wherein it is held that a malicious suing out of an injunctional order in the main action could be made the basis of an action for a malicious prosecution before the final termination of the main suit.

The claim that it is immaterial whether or not the main action, wherein such an injunctional order was obtained, is terminated, does not impress us as well founded.   The fact whether or not respondent shall establish that she has a good cause of action in the main suit will clearly have a pertinent evidentiary bearing on the charge of her malicious prosecution of the proceeding for an injunction.   The adjudications are to the effect that the proceeding complained of as having been wrongfully and maliciously prosecuted must be finally terminated in favor of the party complaining of the malicious prosecution.   Respondent's application for an order to require appellant to show cause why he should not be enjoined from disposing of his property, together with the court's order restraining him in the meantime, went down because

the court was not in session at the time set for the hearing. Under such circumstances, the termination of this proceeding does not constitute a final determination of the legal rights of the parties involved in such application. The application might justly be renewed before final judgment, or the court at the final hearing of the case, upon the evidence adduced, might deem it proper to reinstate the restraining order to protect the rights of the party. Upon the authority of *Luby v. Bennett, supra,* and the cases cited, we find the court applied the correct rule in holding that the action for a malicious prosecution was prematurely brought.

Further error is assigned upon the ground that under the complaint and the evidence the case should have been submitted to the jury to assess damages for the injury sustained by appellant resulting from the malicious abuse of the injunctional proceeding. It is charged that the evidence tended to show a malicious abuse of the proceeding, and that, though regular on its face, it was designed and instituted by respondent with the ulterior purpose of coercing defendant to pay her demand in the action without trial, and by wrongfully and maliciously subjecting him to injury beyond the consequences ordinarily attending the proper use of such proceeding. An examination of the evidence fails to show that appellant sustained any injury from being restrained from disposing of the property during the eight days it was in force. The testimony on the subject of loss of profits on the sale of the potatoes in no way tends to show that it was the result of this order. The fact appears, as held by the trial court, that appellant could have disposed of his potatoes at prices as high or higher immediately after the order went down as during the time it was in force. Nor is there proof that appellant could or would have disposed of them while he was so restrained. To show opportunity to make the sale is not sufficient; it must appear that the order prevented a sale. The

testimony wholly fails to sustain the conclusion that appellant was damaged in the respect claimed by the restraining order. The court properly directed the jury that no grounds of recovery had been established.

*By the Court.*—Judgment affirmed.