# H. P. RIEGER & COMPANY, Incorporated,

## *vs.*

# MAURICE L. KNIGHT.

*Injunctions: damages; interruptions to business; malicious prosecution.*

Where one with malice and without probable cause enjoins another from the use of property necessary for the latter's business, or by so doing causes him other loss or injury, the defendant's right of action at common law is not merged in his remedy on the bond, but an action on the case also will lie.       p. 198

In such a case, however, the pleadings must negative the existence of probable cause for the injunction; to allege that the writ was unjustly and wrongfully sued out will not suffice; there must be distinct allegations of malice and want of probable cause.                          pp. 200-201

In such a suit the general requisites in pleadings in actions for malicious prosecution must be observed as far as possible.
                                              p. 200

In general, the granting of a preliminary injunction *ex parte* should not be held to be conclusive of the existence of probable cause.                                          p. 200

*Decided March 7th, 1916.*

Appeal from the Baltimore City Court.  (Gorter, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Wm. B. Smith* and *John G. Philips* submitted a brief for the appellant.

*H. Walter Ganster, Jr.,* (with whom were *Wm. Penrose, Wm. T. Haydon* and *John Ganster* on the brief), for the appellee.

BOYD, C. J., delivered the opinion of the Court.

This is an appeal from a judgment rendered in favor of the appellee for costs, after a demurrer had been sustained to the declaration of the appellant, who declined to amend. There are three counts in the declaration, and the demurrer was to each count. It is alleged in the first, that the plaintiff and defendant were engaged in the City of Baltimore in the manufacture, sale and erection of tombs, monuments and mausoleums, and they entered into competition for the obtention of a contract to erect a mausoleum for one Laura Praeger; that on or about the 21st of February, 1910, the said Laura Praeger awarded to the plaintiff a contract for the construction of a granite mausoleum, to be erected in her family lot in Druid Hill Cemetery; that the plaintiff began the erection of said mausoleum and the "plans and specifications called and provided for a method of construction and ventilation and drainage of a mausoleum and the crypts or catacombs therein in a manner which was usual and customary and well known in the trade for a long period of years"; that having failed to obtain the contract, the defendant instituted suit on the 21st day of February, 1911, by exhibiting his bill of complaint in the United States District

Court against the plaintiff (and others named, who were sued individually) charging it with the infringement of certain letters patent, and prayed for an injunction and damages, to which the plaintiff filed an answer denying any infringement; proofs were taken on both sides and the case came on regularly to be heard by JUDGE ROSE in said District Court, and after argument the said District Court passed a final decree dismissing the bill of complaint; that the defendant having been allowed an appeal prosecuted it in the United States Circuit Court of Appeals for the Fourth Circuit, and after argument that Court, on the 3rd of February, 1914, affirmed the decree of the District Court, dismissing the bill of complaint. That count then concludes as follows: "and the said defendant herein, by reason of his alleged claim to said pretended patent rights above mentioned, contrived to procure the said process of the said United States District Court against this plaintiff (who was one of the defendants in said cause) and its decretal order prohibiting the plaintiff from constructing said mausoleum and carrying on its business as above mentioned, without sufficient and probable cause, and for the purpose of oppressing it and to break up its business, and by so doing subjected the plaintiff to great loss and expense, both in time and money, costs and counsel fees, and greatly damaged and injured this plaintiff in its business, financial standing and otherwise."

In the second count it is alleged that the defendant falsely pretended to have a patent right to the exclusive use of the method of construction and ventilation and drainage of mausoleums and the crypts or catacombs therein, although it was well known to the defendant that the method and manner of construction and ventilation and drainage as described and disclosed in his alleged patent were the usual and common ones being used, etc.; that by reason of his pretended claim to said alleged patent rights and the false affidavits filed in said cause, in the United States District Court, together with his bill of complaint for an injunction, "a pro-

visional or preliminary injunction was on the 16th day of
May, 1911, issued by said United States District Court, pro-
hibiting and restraining the plaintiff and its co-defendants
from completing and delivering the Praeger mausoleum and
any other mausoleums the plaintiff was then engaged in erect-
ing"; that upon final hearing in said Court, upon the plead-
ings and testimony taken, the said preliminary injunction
was dissolved and the bill dismissed, on the ground that the
said complainant had no valid patent rights to the method of
construction and ventilation and drainage of mausoleums,
etc., which order dissolving the said injunction and dismiss-
ing the bill was affirmed by the United States Circuit Court
of Appeals upon appeal prosecuted by him, "and by reason
of the defendants' action in procuring said injunction and
restraining order of the District Court aforesaid the plaintiff
was greatly damaged and injured by the defendant in its
business, financial credit and otherwise."

The third count is as follows: "And for that the said
defendant falsely and maliciously procured said injunction
to be issued against said plaintiff by falsely alleging in his
bill of complaint against it filed in the United States District
Court for the District of Maryland, that the plaintiff was
infringing his patent rights as above mentioned, while he
well knew that the plaintiff was not infringing the alleged
patent rights of the said defendant, but that the plaintiff was
using, as it had a perfect right to do, the common and usual
method of construction and ventilation and drainage known
to the trade for a long period of years; and by reason of the
false and malicious charges against this plaintiff in said bill
of complaint, and the false affidavits filed in said cause he
was enabled to procure said injunction to be issued against
this plaintiff for the purpose and with the intent of oppress-
ing it and breaking up its business, and to prevent it from
competing with him, the said defendant, in the monumental
stone business, and that by so doing he subjected this plain-
tiff to great expense in money, and to great loss of both time

and business, but that after years of loss and litigation the Court of last resort, *i. e.,* the United States Circuit Court of Appeals for the Fourth Circuit, decided that this defendant had no valid patent rights and passed an order affirming the decree of the United States District Court dissolving the provisional or preliminary injunction and dismissing the bill of complaint."

It may be well to first recall some of the decisions of this Court in reference to suits for malicious prosecution of civil actions. *McNamee* v. *Minke,* 49 Md. 122, was an action on the case for a malicious prosecution of an ejectment suit, which this Court held could not be maintained. In the course of the opinion JUDGE ALVEY said: "It is true, a party may be held liable for a false and malicious prosecution of either a criminal or civil proceeding; but when it has been attempted to hold a party liable for the prosecution of a civil proceeding, it has generally been in cases where there has been an alleged malicious arrest of the person, as in *Turner* v. *Walker,* 3 G. & J. 377, or a groundless and malicious seizure of property, or the false and malicious placing the plaintiff in bankruptcy, or the like." Then after quoting from LORD CAMDEN, C. J., in *Goslin* v. *Wilcox,* 2 Wils. 302, and from 1 *Bac. Abr.,* tit., *Action on the Case,* (H) 141, he continued: "But if the plaintiff declares that he has been falsely and maliciously arrested, or that, by reason of a false claim maliciously asserted by the defendant, he was required to give bail, and upon failure he was detained in custody, or his property was attached, there the action lies, because of the special damage sustained by the plaintiff. It is not enough, however, for the plaintiff to declare generally that the defendant brought an action against him *ex malitia et sine causa, per quod* he put him to great charge, etc.; but he must allege and show the grievance specially * * *. Otherwise, parties would be constantly involved in litigation, trying over cases that may have failed, upon the mere allegation of false and malicious prosecution."

In *Supreme Lodge* v. *Unverzagt,* 76 Md. 104, the *narr.* alleged that the defendants maliciously and without probable cause instituted a proceeding for the dissolution of the plaintiff (a corporation), and in the bill made many false, malicious and slanderous allegations. JUDGE FOWLER, in delivering the opinion of this Court, referred to the fact that at common law an action on the case was given for all civil cases brought falsely, maliciously, and without probable cause, and that the right to such action was not dependent upon an interference with either the person or property of the plainitff, but that after the passage of the British statute giving costs to the defendant by way of damages against the plaintiff *pro falso clamore,* "It was held that the malicious prosecution of a civil suit without probable cause was not good ground for an action on the case, unless there was an arrest of the person or a seizure of property, or other special injury, which would not necessarily result in all suits prosecuted to recover for like causes of action." He concluded by saying: "It may be said, that in general an action like this does not lie unless there is a concurrence of: first, falsehood in the demand; second, want of probable cause; third, malice in the defendant; and fourth, damage by arrest or imprisonment, seizure of property, bankruptcy proceedings, or the like."

The case of *Clements* v. *Odorless Excavating Apparatus Co.,* 67 Md. 461, is more analagous to the one under consideration, as that was an action to recover damages for having instituted a proceeding in the United States Circuit Court, maliciously and without probable cause, to restrain defendants from using an apparatus or machine, on the ground that it was an infringement of letters patent issued to the company. JUDGE ROBINSON, in speaking for the Court, said: "Whatever may be said of the earlier decisions, it is quite well settled that an action will lie in some cases for the malicious prosecution of a civil suit without probable or reasonable cause, although there is some conflict as to the cases embraced within the rule. Such suits are not, however, en-

couraged, because the law recognizes the right of everyone to
sue for that which he honestly believes to be his own, and the
payment of costs incident to the failure to maintain the suit
is ordinarily considered a sufficient penalty." Then after
quoting from *McNamee* v. *Minke* as to when parties have
been held liable for the prosecution of civil proceedings, the
Court left undecided the question whether filing a bill in
equity to restrain the use of a machine, on the ground that it
was an infringement of letters patent, if done maliciously and
without probable cause, would give a right of action. The
case was decided on the ground that there was probable cause.
The Court said that as it appeared that the injunction pro-
ceeding was heard by the Court, on proof taken by both sides
and argument by counsel of the respective parties, the Federal
Court was of opinion that the apparatus used by Clements
was an infringement of the patent rights of the company—
that "It was the deliberate judgment of a Court of compe-
tent jurisdiction, that there was not only a probable cause for
filing the bill for injunction, but that the appellee was en-
titled to the relief prayed. A judgment thus rendered ought
to be considered conclusive as to the question of probable
cause, although it was reversed on appeal by the Supreme
Court, otherwise in every case of reversal an action would lie
for the institution of the original suit."

It is apparent that the case last cited is not conclusive of
the one under consideration. It left the main question open—
whether an injunction issued on a bill filed maliciously and
without probable cause to restrain the use of an apparatus
or machine on the ground that it was an infringement of let-
ters patent issued to plaintiff, furnishes ground for an action
for malicious prosecution. Our cases recognize the right to
such action for a groundless and malicious seizure of prop-
erty, and if a party is prevented by an injunction, issued
maliciously and without probable cause, from using property
which he would have the right to use but for such injunction,
and the party enjoined thereby sustains special injury, it is
difficult to see why he should not have the right of action in

the one case as well as in the other.  In *Cooley on Torts* (3rd Ed.) 348, n. 27, it is said that "a suit for malicious prosecution will lie where the plaintiff's property or business has been interfered with by the appointment of a receiver, the granting of an injunction or by writ of replevin."  It would seem to be an illogical distinction to make, to hold that one who maliciously and without probable cause seizes the property of another can be sued for malicious prosecution, but if he with like malice and want of probable cause enjoins the other from the use of property necessary for the proper conduct of the latter's business he can not do so.  Injunctions are sometimes as injurious and disastrous as where there has been an actual seizure of property, which, if done maliciously and without probable cause or groundlessly, according to our decisions quoted above is ground for this action.

In the absence of some decision of our own to the contrary, we feel called upon to follow what seems to be the great weight of authority on the subject, and hold that such a suit can be maintained—but it should be carefully guarded and one prosecuting such a suit should be required to clearly establish malice and a want of probable cause, as well as some special injury, before he should be permitted to recover. That the weight of authority is as we indicated above may be seen by reference to the following authorities:  In 2 *High on Injunctions* (4th Ed.), sec. 1648, it is said: "Some conflict of authority exists as to whether a defendant in an injunction suit may, by an action on the case, recover damages for having been enjoined without cause, and the rule has been broadly stated that no such right of action exists, and that his only remedy is by suit upon the injunction bond.  The better doctrine, however, seems to be that the defendant's right of action at common law is not merged in the remedy upon the bond, and that an action on the case will lie. *But to support such action, the plaintiff's pleadings must clearly negative the existence of probable cause for the injunction; it will not suffice to allege that the writ was unjustly and wrongfully sued out, but there must be distinct allegations of malice or*

*a want of probable cause.''* (Italics are ours, and we put great emphasis on what we have thus italicised.)

In *Joyce on Injunctions,* in section 175, it is said that where a party in good faith and on a fair representation of the facts procures an injunction, he is not liable in an action for damages unless he has given a bond. "In other words, in the absence of such a security the defendant has no remedy for any damages he may sustain from the issuing of the injunction, *unless the conduct of the plaintiff has been such as to give ground for an action for malicious prosecution.''* See also section 176 for the rule in some States referred to.

In the note to *Powell* v. *Woodbury,* 85 Vt. 504, as reported in (34) *Am. & Eng. An. Cas.* 1914 D., it is said: "The rule obtaining in a majority of the jurisdictions is, that procuring an injunction maliciously and without probable cause, is sufficient ground for an action for malicious prosecution." To sustain that statement the author cites the following cases: *Mitchell* v. *S. W. R. R. Co.,* 75 Ga. 398; *Short* v. *Spragins,* 104 Ga. 628, 30 S. E. 810; *Harless* v. *Consumers Gas Trust Co.,* 14 Ind. App. 545, 43 N. E. 456; *Barthe* v. *New Orleans,* 42 La. Ann. 43, 7 So. 70; *Kryszke* v. *Kamin,* 163 Mich. 290, 128 N. W. 190; *Newark Coal Co.* v. *Upson,* 40 Ohio St. 17; *Hawkins* v. *Hubbell,* 127 Tenn. 312, 154 S. W. 1146; *Williams* v. *Ainsworth,* 121 Wis. 600, 99 N. W. 327; *Montreal St. R. Co.* v. *Ritchie,* 16 Can. Sup. Ct. 622. And as impliedly recognizing the doctrine he cites *U. S.* v. *Lewis Pub. Co.,* 160 Fed. 989; *Tutwiler* v. *Burns,* 160 Ala. 386, 49 So. 455; *Lexington, etc., R. Co.* v. *Applegate,* 8 Dana (Ky.) 289, 33 Am. Dec. 497; *American Circular Loom Co.* v. *Wilson,* 198 Mass. 182, 84 N. E. 133; *Hayden* v. *Keith,* 32 Minn. 277, 20 N. W. 195; *Palmer* v. *Foley,* 71 N. Y. 106; *Mark* v. *Hyatt,* 135 N. Y. 506, 18 L. R. A. 275; *Burnett* v. *Nicholson,* 79 N. C. 548; *Pyott Land, etc., Co.* v. *Tarwater,* 126 Tenn. 601, 150 S. W. 539; *Glen Jean, etc., R. Co.* v. *Kanawha, etc., R. Co.,* 47 W. Va. 725, 35 S. E. 978. Without further reference to those cases,

the most, if not all, of them justify the use of them made by that author.

In 16 *Am. & Eng. Ency. of Law* 453, it is said: "According to the weight of authority it would seem that the common-law remedy in the nature of an action on the case for injuries arising from an injunction is not merged in the statutory remedy on the injunction bond, but the defendant may resort to an action on the case for malicious prosecution wherever there is malice or want of probable cause, since in such case the party abusing the process is considered as a co-trespasser. If, however, no abuse of the process through malice and without probable cause appears, the only remedy of the injured party is an action upon the injunction bond." In 22 *Cyc.* 1061, it is said that: "Where an injunction has been wrongfully issued there is no liability for damages in an action other than the injunction suit, except in an action on the injunction bond, unless the party against whom the injunction was issued can make out a case of malicious prosecution by showing malice and want of probable cause on the part of the party who obtained it. The remedies by suit on the bond and by an action for damages may both exist where a bond has been given on obtaining the injunction."

In *Meyers* v. *Block,* 120 U. S. 206, the Supreme Court said: "Without a bond for the payment of damages or other obligation of like effect, a party against whom an injunction wrongfully issues can recover nothing but costs, unless he can make out a case of malicious prosecution." Malice and want of probable cause must be shown in order to maintain an action for malicious prosecution for procuring an injunction. *Crescent City Live-Stock Co.* v. *Butchers' Union, etc., Co.,* 120 U. S. 141. The cases of *Powell* v. *Woodbury, supra, Kryszke* v. *Kamin, supra; Burt* v. *Smith,* 181 N. Y. 1, S. C. 73 N. E. 495, and *Mark* v. *Hyatt, supra,* as reported in 18 L. R. A. 275, and other cases cited in them and the notes to authorities above referred to, will show that the rule in this country is now quite generally recognized, although there

is still considerable difference of opinion as to what facts and circumstances are sufficient to bring a case within the rule.

And as to what shall be deemed conclusive of probable cause, *Clements' case, supra,* has settled that question in this State, where the injunction is issued after the Court is fully informed by proof taken and argument on both sides. The granting of the injunction under those circumstances was held to be conclusive of probable cause and hence prevents recovery for malicious prosecution, but if a preliminary injunction is granted, *ex parte,* on the allegations of the bill and the exhibits, without notice to or hearing of the other side, and afterwards the injunction is dissolved, we can see no reason why the granting of it under those circumstances should be held to be conclusive of probable cause. There would be a temptation to some to make their bills as strong as possible, for the purpose of saving themselves from suits, if the granting of a preliminary injunction be conclusive of probable cause. In *Short* v. *Spragins,* 104 Ga. 628, it was held that when a petition for an injunction and receiver fairly and honestly set forth facts upon which an injunction was granted, and a receiver appointed, it was conclusive evidence of probable cause—the theory being that when an applicant for an injunction fairly and honestly submits the facts he relies on, and a Court of Equity determines that he is entitled to relief and grants the injunction, there is probable cause for such action, although the lower Court may afterwards be reversed, or the injunction dissolved. But the difficulty about that is that in an *ex parte* proceeding the complainant makes out his own case, which on the face of the papers may fully authorize an injunction, but when the other side has an opportunity to meet it, there is no merit in the case made out by the plaintiff, although he may be sincere in the belief there was. Hence we do not deem it best to follow the rule there adopted.

Digressing for the moment from the subject, we will add that, the safe rule for Judges to adopt is not to grant an injunction *ex parte,* unless there can be but little question

about the facts relied on, or the exigencies of the case as made out by the bill be such that granting an injunction can not be postponed without great danger of injury to the plaintiff's rights. The practice of giving the defendant notice, or an opportunity to be heard before granting an injunction often saves trouble and expense to the parties, which would result from an *ex parte* proceedings. Again the practice of issuing a preliminary injunction without first requiring an ample bond is not to be commended, and when the defendant has notice, the Chancellor is in better position to so fix the penalty of the bond that no injustice will be done either side. But to return to the question from which we have digressed, we think it safer, in so far as preliminary injunctions are concerned, not to attempt to lay down a general rule, but to let the question whether there was probable cause depend upon the facts and circumstances of each particular case— further than to say that the granting of a preliminary injunction *ex parte* should not be held to be conclusive of probable cause.

We are also of the opinion that under the authorities, some of which we have referred to above, the right to sue for obtaining an injunction maliciously and without probable cause is not taken away by reason of a bond having been given. We would emphasize the importance of not sustaining a suit of this kind unless the plaintiff makes out a clear case—clearly establishes malice and want of probable cause, and that he has suffered some special damage by the proceeding, such as loss to his business, injury to his property, etc.

The general requisites in pleading in actions for malicious prosecution of criminal proceedings must as far as applicable be followed in such a suit as this. There are so many cases of that kind in this State that we do not deem it necessary to point out in detail what is required by them or in all respects wherein this declaration is defective. We may add that the first count does not even show that an injunction was issued, and we can not assent to the suggestion that it is sufficient if one was applied for. One of the authorities cited by

the appellant for another purpose says: "The action does not lie when an injunction is prayed for but none is granted," 22 *Cyc.* 1061, and we would not be prepared to hold that sufficient, if there was no authority on the subject. In that count there is no allegation of malice. The Court can not be required or expected to go through a long count like that to pick out expressions here and there, which together may be said to furnish an inference of malice. In the second and third counts there are no allegations of the want of probable cause. There is none of malice in the second count, and that in the third is not as clear as it should be. The cases in this State furnish sufficient precedents for declarations in actions of this character, and we will not prolong this opinion by further discussing the several counts. As we have said there can only be recovery for special injury in such cases, it may be well to add that the allegations as to damages are by no means as specific as they ought to be.

We are of the opinion that the lower Court was right in sustaining the demurrer. The appellant has requested us to remand the case, if we reached that conclusion. We hesitate to adopt that course in a case of this character, but as the principal question has not heretofore been decided by this Court, we have concluded to grant its request, under the discretion vested in us by section 22 of Article 5 of the Code, but we will require the appellant to pay the costs thus far incurred. The lower Court can grant it leave to amend the declaration within such time as it may fix after the case is remanded, in order that it may be brought to trial on its merits.

*Judgment affirmed, and cause remanded for a new trial, the appellant to pay the costs.*