## MIDLAND LOAN FINANCE COMPANY v. TEMPLE GARAGE COMPANY, INC. AND ANOTHER.[1]

December 8, 1939.

No. 32,165.

*G. Halvorson,* for appellant.

*Harroun, Anderson & Poseley,* for respondents.

[1]Reported in 288 N. W. 853.

STONE, JUSTICE.

Plaintiff appeals from a judgment against it for $76.50, that sum consisting for the most part of attorney's fees, the whole assessed against it as damages from the issuance of a temporary injunction. The damages were assessed and judgment entered in this action for the injunction.

In July, 1937, Ralph F. and Donald Baker bought an automobile on conditional sales contract. The vendor promptly assigned that contract to plaintiff. Thereafter the car was taken over by defendant Wall, as sheriff, and placed in storage with his co-defendant, Temple Garage Company. In another action commenced in Anoka county in April, 1938, this plaintiff started suit to foreclose the conditional sales contract. Pending that action, defendant Temple Garage Company initiated an independent proceeding to foreclose its lien for storage. Thereupon, in this suit, plaintiff sought and procured an injunction forbidding the foreclosure of that storage lien until determination of plaintiff's suit in Anoka county to foreclose its lien.

For reasons which need not be gone into, plaintiff, in January, 1939, served and filed a notice of its motion to dismiss this case. Upon the hearing of that motion, there was litigated and determined, adversely to plaintiff, the right of defendants to recover in this suit the damages caused by the supposed wrongful issue of the injunction. Evidence was taken, but there were no findings of fact, separately stated or otherwise. There followed simply an order for judgment that defendant Temple Garage Company recover $40.25 and defendant Wall $36.25 as special "costs and disbursements," that is, as damages caused by the injunction. Those sums were allowed in addition to the ordinary costs and disbursements, which would have been recovered on plaintiff's dismissal.

■ The point has not been made for appellant, but, because we must reverse on another ground, it should be said that where such an issue of fact, or of fact and law, is tried and determined, the statute, 2 Mason Minn. St. 1927, § 9311, requires the making and filing of separately stated findings of fact. Noncompliance

with that statutory duty is error. Wagner v. Nagel, 33 Minn. 348, 23 N. W. 308; Pioneer Land & Loan Co. v. Bernard, 156 Minn. 422, 195 N. W. 140.

■ Decision is controlled by statute, 2 Mason Minn. St. 1927, § 9388, requiring that the suitor seeking an injunction furnish an injunction bond as security for any damages the party enjoined may sustain by reason of the writ. It is also provided:

"The amount of such damages may be ascertained by a reference or otherwise, as the court shall direct, in which case the sureties shall be concluded as to the amount, but the damages shall be recoverable only in an action on the bond."

So it is clear that while damages may be assessed in the action for injunction, they can be recovered only in an independent action on the bond. Hayden v. Keith, 32 Minn. 277, 20 N. W. 195. Because of the violation of the statutory duty in rendering judgment in this action, there must be a reversal.

Our statute was taken from New York. See Hayden v. Keith, *supra*. There, as here, it remains unchanged, in substance at least. Civil Practice Act, §§ 893-896. There, too, it was determined long ago that while damages may be ascertained in the suit for injunction they can be recovered only in an action upon the bond. Lawton v. Green, 64 N. Y. 326.

That is not good law. Where defendant so chooses and the facts permit, it would seem the better practice to allow settlement of the whole controversy in the suit for injunction. That has been attempted as to bonds for injunction in labor disputes. L. 1933, c. 416, § 7, 3 Mason Minn. St. 1938 Supp. § 4260-7.

But where plain statute controls, our duty is to obey, however much of economy or other desirable result might follow disobedience.

The judgment must be reversed for further proceedings not inconsistent herewith.

So ordered.