**June HENDERSON, Plaintiff-Respondent,**

v.

**James A. ARMANTROUT, Defendant-Appellant.**

**No. 40154.**

Missouri Court of Appeals, Eastern District, Division Two.

Nov. 27, 1979.

Ronald L. Little, Poplar Bluff, for defendant-appellant.

Charles W. Medley, Farmington, for plaintiff-respondent.

STEWART, Judge.

This is an action for malicious prosecution of a civil action. Defendant appeals from a judgment entered upon a jury verdict against him for $2,500.00 actual and $3,000.00 punitive damages. We reverse.

The plaintiff and her husband, along with defendant James A. Armantrout, M.D. and another person, were stockholders in Henderson Hauling, Inc., a corporation. Henderson Hauling, Inc. was in the business of hauling trash. We shall sometimes refer to Henderson Hauling, Inc. as the corporation. Plaintiff's husband worked for the corporation. Disputes arose among the stockholders and Mr. Henderson left the employ of the corporation. Henderson Hauling Corporation and Armantrout filed an action against plaintiff and her husband in the Circuit Court of St. Francois County. The petition charged that defendants sold their trash hauling business and assets to plaintiff's predecessors; that "defendant _____"[1] represented that he was the owner of two vehicles; and that he had lost the titles to these vehicles but would obtain new titles and transfer them to the plaintiff corporation. On January 6, 1975 "defendant" notified plaintiffs that he was resigning as manager and employee of the corporation effective January 7, 1975 and would begin his own business. The petition charged that "[d]efendant, Albert Henderson," concealed the two vehicles to prevent plaintiff corporation from carrying on its business; that "[d]efendant" advised customers that plaintiff corporation would not be able to serve them; and that "defendants" followed plaintiff corporation's trucks interfering with their hauling, all for the purpose of depriving plaintiff of its right to do business.

The petition also charged that "defendants" had stolen money from plaintiff corporation and asked the court to require "defendants" to give plaintiff an accounting of the monies handled by "defendants" on behalf of the corporation. It further alleged that plaintiff corporation was damaged in the sum of $25,000.00. Plaintiffs in that suit sought a temporary restraining order, a temporary injunction, a permanent injunction, an accounting and damages.

Upon ex parte application, and after defendant and the corporation posted a $500.00 cash bond, the trial court issued its "Order To Show Cause And Temporary Restraining Order." The order restrained defendants from:

(1) Threatening, intimidating, harassing and annoying in any manner whatsoever, the Plaintiffs' employees, the Plaintiffs' customers, from damaging, destroying or interfering with the lawful use and enjoyment of Plaintiffs' property.

(2) Defendant, Albert Henderson, is ordered to immediately give to the Sheriff of St. Francois County the physical possession and custody of a 1973 Ford, Engine No. F70EVR94503 and a 1971 Chevrolet, Engine No. CE531P124245.

(3) Engaging in trash hauling or any related business.

The order provided that the temporary restraining order should expire on January 27, 1975 at 9:30 AM unless dissolved or extended before that time. It also ordered defendants to show cause why a temporary injunction should not issue at that time.

The records of the Circuit Court of St. Francois County reflect that on January 27, 1975 the order granting the temporary restraining order was "set aside and for naught held" in accordance with the terms of the order. The clerk was ordered to

---

1. This can only refer to plaintiff's husband.

return the cash bond. The order to show cause why a temporary injunction should not issue was heard on the same day and taken under submission.

The present action for malicious prosecution was instituted on March 7, 1975 and tried on November 10, 1977. The trial court had not ruled upon the application for temporary injunction in the suit that was brought by defendant and the corporation nor had the court tried the main cause of action seeking a permanent injunction, an accounting and damages.

■ It is generally recognized that an action for malicious prosecution will lie in lieu of damages on the bond where an injunction is obtained wrongfully so long as all of the necessary elements of an action for malicious prosecution are present. See *St. Louis v. St. Louis Gaslight Co.*, 82 Mo. 349, 354 (1884) and also cases cited in Annot., 70 A.L.R.3d 536, 551 (1976). The elements of an action for malicious prosecution are:

> (1) the commencement of a prosecution against plaintiff; (2) its legal causation by defendant; (3) its termination in favor of plaintiff; (4) the absence of probable cause therefor; (5) the presence of malice; and (6) damage to plaintiff therefrom. *Hoene v. Associated Dry Goods Corp.*, 487 S.W.2d 479, 483 (Mo.1972).

The primary issue in this case is whether plaintiff was required to plead and prove that the main action had terminated in his favor.

As stated above, the general rule requires that the litigation which is the subject of the suit for malicious prosecution must have terminated in favor of the plaintiff. It has been said that this element of the cause of action is subject to some exceptions. The plaintiff cites *Ripley v. Bank of Skidmore*, 355 Mo. 897, 198 S.W.2d 861 (1947), as authority for the proposition that there was a

termination of the temporary restraining order in her favor which became the basis for this action. She also seems to argue that the temporary restraining order was obtained in an ex parte proceeding and therefore it is unnecessary to show a termination of the temporary restraining order in her favor.[2]

■ In the *Skidmore* case, the court was not concerned with the dissolution of a temporary restraining order. The issue was whether a void default judgment could, as a matter of law, constitute conclusive evidence of probable cause in subsequent proceedings ancillary to that judgment.[3] The court held that if a judgment "is obtained in an ex parte proceeding it is not evidence of probable cause." *Ripley v. Bank of Skidmore, supra*, at 864. The court also quotes extensively from the Restatement of Torts, § 674, Comment h, (1938) to the effect that "an action may be maintained for the wrongful initiation of ex parte proceedings without proving that they have terminated in favor of the person against whom they were [sic] brought." *Ripley v. Bank of Skidmore, supra* at 864.

This rule has been applied in cases where an attachment was made before trial to secure payment of a future judgment. The reason for the rule is found in the older cases where it has been said,

> Where the defendant [in the original action] has his day in court upon the trial of . . . [the] issue, it is but reasonable to require that he shall, by the result of the trial, show the criminal charge to be unsustained by proof, or the alleged cause of action to be invalid, before he shall be permitted to claim, in another suit, that either was malicious and without probable cause. Were the rule otherwise, a recovery might be had for a malicious prosecution, and the plaintiff still be convicted, or have judgment against him in the former suit. *Fortman v. Rottier*, 8 Ohio St. 548, 72 Am.Dec. 606, 607 (1858).

---

**2.** Plaintiff purports to quote from *Skidmore* in her brief but we are unable to find that quote in the case.

**3.** Ordinarily a judgment in the main proceeding in favor of the plaintiff in that action is conclu-

sive evidence of probable cause even though the judgment is erroneous or set aside for irregularities. *Euge v. Bank of St. Louis*, 567 S.W.2d 409, 411 (Mo.App.1978).

 

This case also states the general rule to be "that when the termination of the former suit can neither tend to establish nor invalidate the plaintiff's cause of action, it is not necessary to aver such termination." Id. at 608.

The situation is similar with respect to the malicious initiation of extradition proceedings. It is said that once the asylum state determines that the accused is not a fugitive he need not await the termination of the criminal trial in the demanding state before proceeding with an action for malicious prosecution with respect to the extradition proceedings. The question is not one of guilt or innocence but whether the accused is a fugitive. *Keller v. Butler*, 246 N.Y. 249, 158 N.E. 510 (1927).

■ There have been very few cases involving actions for malicious prosecution of temporary restraining orders. We believe that the better reasoned rule is that when the facts alleged and the facts upon which the temporary restraining order is issued are substantially the same as those involved in the main action, a cause of action for malicious prosecution will not arise upon the dissolution of the temporary restraining order. Any action must await the termination of the main action favorable to the party bringing the action for malicious prosecution. See *Williams v. Ainsworth*, 121 Wis. 600, 99 N.W. 327 (1904). To hold otherwise could result in conflicting judgments upon the same issues, a situation which the law cannot tolerate.

We hold that the original proceeding has not terminated favorably to the plaintiff and therefore the action was prematurely filed.

Though not specifically raised by the parties, the action is premature for another reason. The malicious prosecution action was tried primarily on the allegation of the petition in the original action that defendants in that action had stolen from the corporation. The relief sought by reason of that allegation was an accounting of the funds of the corporation that were handled by Mr. and Mrs. Henderson. This allegation was not a basis for issuing the temporary restraining order. Most of the testimony in the trial of the malicious prosecution action related to this allegation. All of plaintiff's argument was based upon this allegation. The primary issue tried was never presented to and ruled upon by the trial court either in the ex parte proceeding or in the main action that was brought by Dr. Armantrout and the corporation. It is obvious that the action that forms the basis for the malicious prosecution action has not been acted upon and thus has not been terminated favorably to the plaintiff in this action. *McMahon v. May Department Stores Company*, 374 S.W.2d 82, 89[10] (Mo. 1963).

In view of the conclusion we have reached it will not be necessary to consider other matters raised by the defendant.

Judgment is reversed as premature.

STEPHAN, P. J., and KELLY, J., concur.