Staples *v.* White, Handley & Co.

STAPLES *v.* WHITE, HANDLEY & CO.

(*Knoxville.*   October 15, 1889.)

1. LIS PENDENS.   *Effectual as to strangers only from service of process.*

   Strangers to a pending suit are affected with the constructive notice of *lis pendens* only from the date of service of process upon the material defendants to that suit.

   Cases cited and approved: Tharpe *v.* Dunlap, 4 Heis., 674; Williamson *v.* Williams, 11 Lea, 363.

2. SAME.   *Pleading.   Proof.*

   In pleading *lis pendens* notice, it is not essential that it should be in terms averred that process had been served before the complainant acquired an interest in the property involved in the pending litigation, though such fact must be proved.

3. INJUNCTION BOND.   *Measure of damages.   Form of bond.*

   Where the decree enjoined is not complainant's debt, the damages recoverable against him and sureties on his bond upon dissolution of the injunction are not the full amount of such decree, but such as resulted from the delay in its execution, to be ascertained by reference. That the penalty of the injunction bond was in double the amount of the decree does not alter the case.

   Case cited and approved: Moore *v.* Hallum, 1 Lea, 511.

FROM   MORGAN.

Appeal from Chancery Court of Morgan County. H. R. GIBSON, Ch.

HENDERSON & JOUROLMON for Staples.

E. E. YOUNG and T. A. WRIGHT for White, Handley & Co.

Staples *v.* White, Handley & Co.

LURTON, J.   As to strangers to a pending suit, the constructive notice of *lis pendens*, where only such notice is relied upon, begins with the service of the subpœna upon the material defendants to the suit pending. *Tharpe* v. *Dunlap*, 4 Heis., 674; *Williamson* v. *Williams*, 11 Lea, 363. It is not, however, essential, where the notice of *lis pendens* is pleaded or relied upon in answer, that it shall be averred that the subpœna had been served at the time the complainant had acquired an interest in the property involved in the pending litigation. This fact must, however, be shown, for the *lis pendens* only commences with the service of subpœna.   For this very reason it is not necessary, in order to be allowed to prove and rely upon such *lis pendens*, to allege that subpœna had been served, for there was no *lis pendens* as constructive notice until such service. The second assignment of errors is that the Chancellor erred in giving judgment against complainants and the sureties on injunction bond for the amount of the decree enjoined. The debt was not the debt of complainants, nor was the decree against them. The only liability for which the injunction bond can be held is for such damages as were actually sustained by the wrongful suing out of the injunction. *Moore* v. *Hallum*, 1 Lea, 511.

It does not matter that the bond may have been in double the amount of the decree enjoined. The decree ordered a sale of land claimed by complainants.   Such damages as were sustained by the

delay in the execution of the decree are the only damages which can be recovered. What these were not appearing, there should have been a reference.

The decree of the Chancellor will be modified as to this, and remanded, if desired, for a reference and decree for damages thus ascertained. The costs of this Court will be equally divided.