Land & Mining Co. v. Tarwater.

PYOTT LAND & MINING COMPANY *v.* J. F. TARWATER
*et al.*

(*Knoxville.*    September Term, 1912.)

1. INJUNCTION. Judgment for damages against complainant cannot exceed penalty of bond except upon proof of malice and want of probable cause.

Damages in excess of the penalty of the injunction bond cannot be allowed against the complainant in an injunction suit, except upon proof of malice and want of probable cause in suing out the injunction. (*Post, pp.* 604, 605.)

Cases cited and approved: Meyers v. Block, 120 U. S., 206; Railway Co. v. Railway Co., 47 W. Va., 725; Cox v. Taylor, 10 B. Mon. (Ky.), 17; McLaren v. Bradford, 26 Ala., 616; Hayden v. Keith, 32 Minn., 277; Robinson v. Kellum, 6 Cal., 399; Manlove v. Vick, 55 Miss., 567; Coal Co. v. Upson, 40 Ohio St., 17.

2. SAME. Estoppel to deny sufficiency of fiat where injunction was acted on without objection to form of bond, when.

Though the fiat of the judge granting an injunction is not full enough, as where it grants an injunction against the removal of iron ore through underground entries, on condition that a bond, with sureties, in the penalty of one thousand dollars, be executed to indemnity the defendant, the complainant and his sureties would be estopped to deny the sufficiency of the fiat, where the bond was conditioned to prosecute the injunction suit with effect, or, on failure to do so, to pay to defendant all such costs and damages as might be adjudged against the complainant, and abide by and perform the judgment of the court in the premises, if the injunction was acted on without objection to the form of the bond. (*Post, pp.* 603, 606.)

3. SAME. Form of bond is prescribed by statute only in three cases; in other cases, form is to be prescribed by fiat, but form must be applicable to case.

Our statutes prescribe the form of an injunction bond, only where a judgment is enjoined, or where a suit is enjoined before judg-

ment (Shannon's Code, section 6256), and where a bill is filed to set aside a fraudulent conveyance, and an injunction is issued in connection with an attachment writ (Shannon's Code, section 6098); and in all other cases, it is the duty of the chancellor to prescribe the terms of the bond, which he has full authority to do, as a condition of granting the writ; but he should prescribe the form of bond applicable to the case. (*Post*, p. 606.)

Code cited and construed: Secs. 6098, 6256 (S.); secs. 5032, 5189 (M. & V.); secs. 4289, 4439 (T. & S. and 1858).

Cases cited and approved: Black v. Caruthers, 6 Humph., 87; Newell v. Partee, 10 Humph., 325; Moore v. Hallum, 1 Lea, 511; Staples v. White, 88 Tenn., 30.

---

### FROM ROANE.

---

Appeal from the Chancery Court of Roane County.— HUGH G. KYLE, Chancellor.

NICHOLAS & MILLER, for complainant.

WRIGHT & HAGGARD, for defendants.

---

MR. JUSTICE NEIL delivered the opinion of the Court.

This action, as it now stands before the court, is on an appeal of the complainant from a judgment of the chancery court of Roane county against it and its sureties on its injunction bond for $1,000, the penalty of the bond, and against complainant for $917.80 in excess of the bond; also upon writ of error sued out by defendants Tarwater and the Brown Mining Company, because of

the refusal of the chancellor to render judgment for addition damages against the complainant much in excess of the $917.80, amounting, in fact, to several thousand dollars.

The original controversy arose over a lease which the complainant's predecessor in title had made to Tarwater, and which had been transferred by him by mesne conveyance to the Brown Mining Company. The bill was filed to have this lease declared forfeited, to recover damages for various breaches thereof, and to enjoin the defendant Brown Mining Company from entering complainant's property by means of underground entries or openings, driven from adjoining lands, and removing iron ore therefrom through such underground entries. An injunction was granted by the chancellor, on condition that a bond, with sureties in the penalty of $1,000, should be executed to indemnify the defendant Brown Mining Company. This bond was conditioned to prosecute the injunction suit with effect, or, on failure to do so, to pay to Tarwater and the Brown Mining Company all such costs and damages as might be adjudged against the complainant, and abide by and perform the judgment of the court in the premises. This bond was issued on the fiat of the chancellor, directed to the clerk and master at Kingston, ordering him to issue an injunction as prayed, on complainant's giving "proper injunction bond" in the penalty of $1,000. During the progress of the litigation the injunction was dissolved by the chancellor, because complainant had not shown due diligence on the prosecution of the suit.

This was in December, 1908. The cause was finally heard in December, 1909. The contention of the complainant that the defendant company should not be permitted to mine the ore through the passageways above referred to was disallowed, and a reference was ordered to ascertain the damages, if any, which the defendant company had sustained by reason of the wrongful suing out of the injunction. The case was appealed to this court, and here the decree of the chancellor was affirmed, and the cause remanded to the chancery court of Roane county for execution of the order of reference as to damages. The master reported, allowing the sum above mentioned, and also an additional sum of $1,100, and disallowing all other amounts claimed. Exceptions were filed by both complainant and defendants. All of defendants' exceptions were disallowed, and complainant's exceptions were likewise disallowed, except in respect of the $1,100. The chancellor concurred with the master as to the item of $1,917.80.

In the view we take of the case, we need not consider the amount found due, further than to say that there was evidence to sustain the concurrence of the master and the chancellor as to the sum of $1,917.80; and this is true, although placed on the basis of profits lost. *Newark Coal Co.* v. *Upson*, 40 Ohio St., 17. This leaves for consideration only the error assigned by the complainant that damages could not be allowed in excess of the penalty of the injunction bond.

We have no case in this State upon the subject. The rule, however, established in other jurisdictions by the

clear weight of authority, is that no damages can be allowed in excess of the penalty of the bond against the complainant in an injunction suit, except on proof of malice and want of probable cause in suing out the injunction. *Meyers* v. *Block,* 120 U. S., 206, 7 Sup. Ct., 525, 30 L. Ed., 642; *Railway Co.* v. *Railway Co.,* 47 W. Va., 725, 35 S. E., 978; *Cox* v. *Taylor,* 10 B. Mon. (Ky.), 17; McLaren v. Bradford, 26 Ala., 616; *Hayden* v. *Keith,* 32 Minn., 277, 20 N. W., 195; *Robinson* v. *Kellum,* 6 Cal., 399; *Manlove* v. *Vick,* 55 Miss., 567; *Newark Coal Co.* v. *Upson,* 40 Ohio St., 17.

In the present case there was no evidence tending to show malice and want of probable cause in suing out the injunction. Therefore the allowance over and above the penalty of the bond was erroneous.

It is not doubted that, under a bond containing the conditions above stated, damages could be assessed on account of malice and want of probable cause, and both principal and surety would be liable therefor within the penalty of the bond, and that for any excess arising under that head a judgment could be rendered against the complainant in the injunction suit individually.

As a practical matter, no harm can accrue to the defendant in an injunction suit by reason of the rules of equity above announced, if he be vigilant in the protection of his interests, since he is always at liberty, if he deem the penalty of the injunction bond too small, to apply to the chancellor to increase it, supporting his application by an affidavit or affidavits showing the likelihood of his suffering damages above the penalty fixed,

stating facts and reasons to move the discretion of the chancellor.

It should be noted that the fiat of the chancellor in the present case was not full enough; but, inasmuch as the injunction was acted on under the form of bond which was executed, the parties would be estopped to deny its efficacy. Our statutes do not prescribe any form for the injunction bond, except in three cases: First, where a judgment is enjoined (Shannon's Code, sec. 6256, subsec. 1); secondly, where a suit is enjoined before judgment (Id., subsec. 2); and, thirdly, where a suit is filed to set aside a fraudulent conveyance, and an injunction is issued in connection with an attachment writ (Id. sec. 6098). In all other cases it is the duty of the chancellor to prescribe the terms of the bond. He has full authority to do this, as a condition of granting the writ. *Black* v. *Caruthers*, 6 Humph., 87; *Newell* v. *Partee*, 10 Humph., 325. Of course, this authority does not extend to the execution of a form of bond that is not at all applicable to the case. *Moore* v. *Hallum*, 1 Lea, 511; *Staples* v. *White, Handley & Co.*, 88 Tenn., 30, 12 S. W., 339.

It results that the decree of the chancellor must be affirmed as to the judgment on the injunction bond, but must be reversed as to the judgment of $917.80 against complainant in excess of the bond.

The costs will be equally divided between the complainant and the defendants.