J. D. PHILLIPS *et al.*, Complainants, Appellants, *v.* MRS. GENEVA BASS *et al.*, Defendants, Appellees.

(*Nashville*, December Term, 1931.)

Opinion filed January 23, 1932.

616

Wm. Green, J. R. Smith and Louis Chambers, for complainants, appellants.

Courtney C. Hamilton, W. S. Faulkner, H. A. Bratten and R. L. Turner, for defendants, appellees.

C. C. DAVIS, Attorney for cross-complainant, J. L. Davis.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

This is an administration suit in which it was held by the chancellor and the Court of Appeals that the claims of petitioning creditors against the estate of E. J. Bass were barred by the statute of limitations.

E. J. Bass died testate on June 22, 1926. He had no children and bequeathed all of his property to his wife, Geneva Bass, and appointed her executrix of his will. The personal estate is insufficient to pay his debts, if the claims of petitioners are allowed. Deceased owned no real property at the time of his death, but on November 10, 1925, he conveyed a farm worth $7,000 to his wife, and these creditors ask that this conveyance be set aside for fraud.

On June 28, 1926, the will of deceased was duly probated in common form, Mrs. Bass qualified as executrix by executing bond and subscribing to the statutory oath, and received letters of administration. She proceeded with the administration of the estate by collecting and paying claims, all in a legal and satisfactory manner so far as the record discloses.

On August 5, 1927, certain heirs at law of deceased filed a petition in the county court for the purpose of contesting the validity of his will. In their petition no charges of improper administration were made against Mrs. Bass, but in the prayer of the petition the court was asked to appoint an administrator *pendente lite*. The petition was answered by Mrs. Bass,

On September 19, 1927, an order was entered certifying the record to the circuit court for trial on an issue of *devisavit vel non*. In the same order Mrs. Bass was appointed administrator *pendente lite,* her bond being fixed at $300, which she executed.

On September 3, 1928, an order was entered in the circuit court sustaining the will.

The insolvency of the estate was suggested in writing by one of the creditors on March 4, 1929, and the claims of petitioners filed upon that day. The bill in this cause was filed on April 12, 1929, for the purpose of transferring the administration of the estate from the county court to the chancery court, and also to set aside the conveyance of the farm and subject it to the payment of debts.

Section 4012 of Shannon's Code is as follows:

"The creditors of deceased persons, if they reside within this state, shall, within two years, and, if without, shall, within three years, from the qualification of the executor or administrator, exhibit to them their accounts, debts, and claims, and make demand, and bring suit for the recovery thereof, or be forever barred in law and equity."

Construing this section in conjunction with section 4007, which inhibits the bringing of a suit against an executor or administrator within six months after his qualification, this court has held time and again that a resident creditor must institute suit within two years and six months after the qualification of the executor or his claim will be barred.

It is generally held that where the statute begins to runs its operation cannot be arrested or suspended otherwise than by the institution of suit, unless the stat-

ute itself contains an exception. This rule is so well established that it is unnecessary to cite authorities. The only exception contained in our statute is that set forth in section 4013 of Shannon's Code, which provides:

"But if any creditor, after making demand of his debt or claim, delay to bring suit, for a definite time, at the special request of the executor or administrator, the time of such delay shall not be counted in said periods of limitation."

The chancellor by implication and the Court of Appeals by an express holding found that no such delay was requested by the executrix, and their concurrent finding is binding upon us. We have, however, examined the evidence, and find that the creditor, J. L. Davis, has not sustained his contention of a request by the executrix for a delay to bring suit for a definite time. The executrix qualified on June 28, 1926, and suits were not instituted until April, 1929, a delay of nearly three years. Hence, the other courts very properly held that the claims were barred.

Counsel for petitioners insist that the appointment of an administrator *pendente lite* operated to suspend the running of the statute of limitations until the will contest was terminated. The statute does not so provide, and no satisfactory reason occurs to us as to why it should be given that construction.

Section 3942 of Shannon's Code provides as follows:

"The several county judges and the chairmen of the several county courts of this state are authorized and empowered to appoint an administrator *pendente lite* in any case which may arise in their several courts where any will may be the subject of contest or litigation."

Construing the above provision of the Code, this court has held that its purpose is to preserve the estate where a will contest is pending and no regular administrator has been appointed, or where there is a contest pending as to the appointment of an administrator. *Houston* v. *Houston,* 22 Tenn., 653; *Crozier* v. *Goodwin,* 69 Tenn., 368.

It may be inferred in this last named case from what was said that in a contest for the administration of an estate the appointment of an administrator *pendente lite* is unnecessary where there is a widow of the intestate to hold the property during the contest.

In the cause under consideration there was no necessity for the appointment of an administrator *pendente lite,* which conclusively appears from the fact that the regularly qualified and acting executrix was also appointed administrator *pendente lite* without opposition. This situation presents the anomaly of having two different character of trustees to preserve the property belonging to the estate. If the county court had appointed some other person administrator *pendente lite,* a novel question would arise as to which was entitled to the possession of the property pending the contest. We are satisfied that the statute was not intended to apply where there was a regular administrator who had qualified and was properly discharging the functions of the office. That the regular administrator may continue to perform his duties as such, where a will contest has been instituted, was settled by this court in *Edmondson* v. *Carroll,* 34 Tenn., 678, 682-683, where it was said:

"The validity, then, of a probate in common form is only revoked by the final decision of the issue 'will or no will' for the contestants. Until that time it is only

suspended, and that merely as to rights under the will. The executor or administrator, with the will annexed, to whom letters have been issued, under the original probate, is not relieved from his duties and responsibilities, or denuded of his powers, except so far as rights under the will are concerned. In his action he cannot conflict with the provisions of the will, or the rules of law that would apply in cases of intestacy. Which of them shall govern the disposition of the estate must depend upon the result of the pending contest upon the will, and consequently, must be suspended till that is terminated. In this respect his powers and duties are the same as of an administrator *ad litem,* who is a full administrator for the time, unless his powers are limited in his appointment, and may sue and be sued. 3 Bac. Abr., Ex. and Ad., letter G; 2 Show. 69. No good reason is perceived for suspending the powers of the personal representative in taking care of and settling up the estate. He is under bonds, and has been duly qualified, and his appointment, as we have seen, unrevoked. We can see no danger or inconvenience in this construction. Whoever may be entitled under the will, if sustained, or the law, if it be set aside, are secured by his bonds, and find the estate settled up and ready for their enjoyment, after a protracted litigation. Upon the opposite doctrine, the consequences might be great delay to those ultimately entitled to the estate, loss of debts for want of power to sue, and delay and injustice to the honest creditors for want of some one liable to suit.

"It may be said that these consequences could all be avoided by the appointment of an administrator to act pending the litigation. True, such is not the case under discussion. That has not been done, nor was it neces-

sary, when the court, and all parties concerned, were satisfied with the administrator already in office; and this must be presumed, as no motion or order was made on the subject in the court. If he is not acceptable to the parties, or considered unsuitable by the court, in view of the new state of things, which has arisen, it is easy to displace him, and substitute another to act until the contest is over.''

Upon the authority and reasoning of the opinion just quoted from, we are of the opinion that in the instant cause there was no necessity for the appointment of an administrator *pendente lite;* and that if the regular administratrix was not acceptable to the parties, in view of the new state of things, they should have had her removed before having a special administrator appointed.

We hold that in the circumstances of this cause the county court was without authority to appoint an administrator *pendente lite,* and therefore deny the writ.