## LOCKETT v. DERMID et al. No. 1.—174 S. W. (2d) 660.

Eastern Section. May 26, 1943.

Petition for Certiorari denied by Supreme Court, October 2, 1943.

Burrow & Burrow, of Bristol, S. W. Price, of Johnson City, and C. H. Masengill, of Blountville, for plaintiff in error.

H. H. Haynes, Sr., Curtain & Haynes, and J. D. Baumgardner, all of Bristol, and George F. Dugger and J. Malcolm Shull, both of Elizabethton, for defendants in error.

McAMIS, J. James P. Lockett has appealed in error from the action of the trial court in directing a verdict in favor of the defendants below, Charles Dermid and C. H. Hardin, administrators of the estate of John D. Thomas, deceased.

The declaration is in two counts. By the first count plaintiff sues for the value of alleged services rendered the deceased over a period of twenty years or more. By the second count plaintiff seeks recovery for the value of a diamond ring, worth $2,500, pledged as collateral to secure the payment of plaintiff's promissory note in the sum of $300. It is averred that after the death of Mr. Thomas the ring could not be found and that plaintiff is entitled to judgment for its value.

By plea defendants denied generally that their intestate had ever contracted with plaintiff as alleged in the decla-

ration; denied generally that the estate was indebted to plaintiff for the value of the ring as averred in count two of the declaration and set up as a bar to plaintiff's cause of action the statute of limitations of 18 months for filing claims against decedent estates as set forth in Sections 8225 and 8608 of the Code, also the statute of limitations of 6 years, Code 1932, sec. 8600.

Plaintiff filed a general replication and in addition the following special replication:

"(1) For replication to the plea that plaintiff's right of action, if any he had, is barred by Section 8225 and 8608 of the Code, to the effect that as to causes of action accruing in the lifetime of the deceased, suit shall be instituted within 18 months after the qualification of the executor or administrator, plaintiff replies that said Code Sections were repealed by Chapter 175, page 651, of the Public Acts of Tennessee, of 1939.

"(2) For replication to the plea that Robert Burrow, Jr., qualified as Executor of the estate of John D. Thomas on January 21, 1939, the month in which Mr. Thomas died, plaintiff replies that there never was a time when he could have sued Robert Burrow, Jr., as Executor, because said Executor represented not only the will of said John D. Thomas, but also plaintiff as a beneficiary under said will.

"(3) For further replication plaintiff says that said John D. Thomas did not and could not have breached his contract in the declaration averred until the Supreme Court had judicially affirmed the verdict of the jury that there was no will.

"(4) For further replication plaintiff says the statutes of limitations pleaded have not as yet commenced to run against his right of action because the

defendant Administrators Dermid and Hardin, appointed July 1, 1940, have not given notice to creditors by publication in some newspaper of the county in which their letters of administration were granted, in the manner and form required by the Public Acts of 1939, ch. 175, Sec. 1, page 651.

"For replication to the plea of the statute of limitations of 6 years to the matters averred in the second count of the declaration, plaintiff says:

"(a) The pledged ring was all the while in the possession of Mr. Thomas, by agreement of the parties who recognized the ownership of same in plaintiff.

"(b) The statute of limitations never commenced to run. It could only be set in motion by a claim of ownership adverse to that of plaintiff.

"(c) The statute of limitations has not commenced to run for the further reason that the defendant Administrators have never given notice to creditors by publication in a Sullivan County newspaper, as required by the Public Acts of 1939, ch. 175, Sec. 1."

Under the foregoing pleadings, the case proceeded to trial before a jury. Defendants' motion for a directed verdict, made both at the close of plaintiff's proof in chief and at the close of all the evidence, was overruled. The jury returned a verdict in plaintiff's favor but, upon hearing the motion for a new trial filed by defendants, the circuit judge directed a verdict in defendants' favor upon the ground that plaintiff's cause of action under both counts of the declaration was barred because he failed to file proof of claim and institute suit within 18 months after the issuance of letters of administration to the personal representative of the deceased. Plaintiff's assignments are directed to this action.

John D. Thomas died on January 14, 1939, leaving a purported will naming plaintiff and plaintiff's daughter, Mary Crandall Lockett Whicker, as sole beneficiaries. A contest upon the ground of mental incapacity and undue influence resulted in a verdict against the will which was approved by the trial court. Upon appeal the case was affirmed. Burrow v. Lewis et al., 24 Tenn. App. 253, 142 S. W. (2d) 758. Petition for certiorari was denied by the Supreme Court on June 29, 1940, and a petition to rehear was denied in that Court on November 23, 1940. It is insisted that the statute of limitations of 18 months began to run on that date, and not on April 25, 1939, the date on which letters of administration issued to the executor under the purported will. The present action was instituted May 18, 1942, more than 3 years after letters issued to the executor but less than 18 months after the petition to rehear was overruled in the will case by the Supreme Court.

■ Was the statute of limitations suspended as to plaintiff's cause of action by the pendency of the will contest in which the executor was attempting to probate the will for the benefit of plaintiff and his daughter? Able counsel for plaintiff make the ingenious argument that for plaintiff to have instituted this suit while the will contest was still pending would have been inconsistent and might have been construed as an election not to take under the purported will. We do not think this contention may be sustained.

In German v. German, 7 Cold. 180, it was held that a legacy given and accepted by a creditor of the testator will not extinguish the debt of the legatee against the testator, but that to extinguish such a debt it must clearly

appear from the will that the testator intended the legacy as a payment instead of a bounty.

Such is the general rule:

"Ordinarily, a legatee who has a valid claim against the estate of the deceased testator may take under the will and also enforce his claim against the estate. Such conduct amounts neither to an election nor an estoppel for there is nothing inconsistent or inequitable about it." Annotation 69 A. L. R. 102, 103. See also 69 C. J. page 951, Sec. 2140 of Wills.

The will does not, either expressly or impliedly, relate the devise to plaintiff to any claim he may have had against the testator. We think there was no necessary inconsistency in plaintiff pressing his claim against the estate and, at the same time, claiming under the will. In any case, the mere filing of his claim with the Executor and the institution of suit without prosecuting it to judgment would have served to prevent the running of the statute.

In Byrn v. Fleming et al., 40 Tenn. (3 Head), 658, 659, the personal representative had a claim in his own favor against the estate but failed to file it within the statutory period existing at that time and during the pendency of a proceeding to test the validity of the will. It was held that his failure to take proper steps within the statutory period would not be excused because another suit was pending to test the validity of the will.

In Phillips v. Bass, 163 Tenn. 615, 45 S. W. (2d) 56, it was held that where the statute of limitations begins to run its operation cannot be arrested or suspended otherwise than by the institution of suit, unless the statute itself contains an exception.

594

██ ██ As to the second count, it is clear that the action is not one to recover specific property belonging to plaintiff but to recover its value and that the cause of action accrued during the lifetime of Mr. Thomas. Plaintiff admits that he knew of the disappearance of the ring when the lockbox was opened following Mr. Thomas' death. We think this claim is also barred by the statute and find that there is no error in the action of the court in directing a verdict in favor of defendants. Chapter 175 of the Public Acts of 1939 does not apply because the Executor qualified prior to the date that statute became operative.

In this view of the case it becomes unnecessary to pass upon the assignments of defendants directed to the action of the court in failing to sustain other grounds of their motion for a new trial.

Affirmed with costs taxed to plaintiff.