Shanks *et al. v.* Pyne *et al.*

(*Knoxville*, September Term, 1943.)

Opinion filed November 20, 1943.

Susong, Parvin & Fraker, of Greeneville, and Thos. H. Rogan, of Rogersville, for appellants.

Phillips & Hale, of Rogersville, for appellees.

Mr. Justice Chambliss delivered the opinion of the Court.

Petitioners, Shanks, et al., complain of a decree of the Court of Appeals affirming the Chancellor, awarding a recovery of $1,656.94 as damages on an injunction bond executed upon the issuance of an injunction restraining Willie L. Pyne from appropriating and disposing of assets devised to him as sole legatee by will of Gaines Shanks, in which Pyne was named as executor without bond, pending determination of a contest over the will.

Following the death of Gaines Shanks on July 29th, 1938, complainants filed the bill herein, alleging themselves to be the heirs at law of the deceased; that defendant Willie L. Pyne had been named by Gaines as his sole

legatee in a will alleged to have been procured to be executed by undue influence, which will complainants proposed to contest, charging that unless restrained Pyne would dispose of and dissipate the estate in the aggregate value of $30,000 and praying that he be enjoined from taking possession of said estate consisting largely of cash and bank certificates of deposit, and administering thereon.

An injunction issued on execution of bond for $500, which was later increased to $1,250 and also modified, on application of Pyne, so as to permit sale of a tract of timber and the discharge of certain estate obligations nominal only in amount; and further modified by Chambers decree of December 3rd, 1938, as follows:

"So as to allow said Pyne to proceed with the administration of the estate of Gaines Shanks, to receive and receipt for all assets of said estate, and to pay for all proper indebtedness of said estate, including inheritance tax; provided, however, he give a bond as executor in the sum of Twenty Thousand Dollars, if a corporate surety, or Thirty Thousand, if personal sureties, conditioned as required by law, but said Pyne is enjoined from disposing of any of the certificates of deposit, except he may use $1,000.00 thereof, if necessary, for payment of debts and expenses, including taxes. Said certificates will be renewed in his name as executor, but retained by him subject to the further orders of the Court. If the aforesaid sum of $1,000.00 is not sufficient to take care of the debts, etc., said Pyne may apply to this Court for further relief."

Pyne gave a surety company bond and proceeded to act under the decree. Thus matters stood pending the final disposition of the will contest in the Circuit and

Appellate Courts, which resulted favorably to Pyne. Thereafter, the bill in this cause was dismissed at the cost of complainants and a reference was ordered to report the damages, if any, recoverable on the injunction bond. The Master reported $1,656.94, and the Chancellor confirmed and decreed accordingly. The damages reported by the Master were made up of items, as follows:

"For interest on the moneys in bank at 6 per cent, less the amount paid on the certificate of deposit ................... $1099.22

"For interest on $4500.00 received from sale of timber at 6 per cent less amount of interest paid by bank at 2½ per cent .......... 183.75

"For amount paid on premiums on bond .. 220.00

1502.97

"Interest from July 13, 1940, ............ 105.71

$1608.68."

The Court of Appeals (Western Division) affirmed. This Court granted certiorari and argument has been heard.

The petition presents no dispute of fact, as to which the concurrent finding rule would apply. The award of damages is challenged, first, as a whole, upon the broad ground that the defendant was enjoined from doing that only which he had no lawful right to do, that is, appropriate to his use and dissipate the property covered by the will pending a contest over the will; and, second, as to the excess over and above the amount of the $1,250 bond, on the ground that there is no evidence that the injunction was sued out "with malice and want of probable cause."

The first insistence is plausibly made. While we have been referred to no decision directly in point, consistently with the rule laid down in Sizer's Pritchard on Wills, p. 402, that pending a contest over the validity of a will, the power of the executor over the assets included in or covered by the will is suspended (and see *Edmondson* v. *Carroll*, 34 Tenn., 678, 679, 682, and *Phillips* v. *Bass*, 163 Tenn., 615, 620, 45 S. W. (2d), 56), it would seem to follow that an executor without bond, who is the sole legatee, suffers no recoverable damage if restrained from taking over and appropriating to his own use, and otherwise dissipating, the assets covered by the will pending a contest over the will.

We understand counsel for Pyne, and the Court of Appeals, to concede that the County Court might properly have required this executor to give a bond to insure the safe keeping of and accounting for these assets.

As has been shown, following its issuance the Chancellor modified the original broad injunction and provided for the giving of a bond by the executor, and, had this modified order not been so specifically restrictive in its terms, it might well be held that petitioners incurred no liability for the suing out of the injunction. But, by reference to the modifying order of the Chancellor, from which we have heretofore quoted, it will be seen that, while it provided that upon execution of the bond the executor might "proceed with the administration of the estate," etc., the injunction was specifically so continued as to restrict the executor from collecting the certificates of deposit in the Bank and otherwise investing these funds, which the proof shows were bearing a very low rate of interest, and it is out of this situation that, in the main, the loss arose which is the basis of the damages

reported by the Master and affirmed by the lower Courts, being the differential between this very low rate of interest and that which the proof tended to show might have been otherwise realized by the executor, if left free in the handling of these funds. In other words, conceding the soundness of the contention that an executor, under such circumstances as herein shown, may not complain of being required to give bond for fully and faithfully accounting for the assets coming into his possession, pending a contest over the validity of the will, we find no support in authority, or upon principle, for the issuance of a supplementary court order which restricts unnecessarily the power of the executor in the handling to the best advantage of the funds involved. In this view we are constrained to sustain the decree of the Court of Appeals, affirming that of the Chancellor, in so far as the award is based on the damages thus suffered, including the cost of the bond.

██ ██ However, we are of opinion that the recovery of damages on this bond must be limited to the sum of $1,250 fixed by the bond. This Court in *Pyott Land & Mining Co.* v. *Tarwater*, 126 Tenn., 601, 150 S. W., 539, definitely approved the general rule followed in other jurisdictions (see cases cited on page 605 of 126 Tenn., on page 510 of 150 S. W.), "that no damages can be allowed in excess of the penalty of the bond against the complainant in an injunction suit, except on proof of malice, and want of probable cause in suing out the injunction." It will be observed that the rule requires a showing of malice and want of probable cause. We can find no evidence of or even an attempt to establish malice in this case. The Master does not report any finding of such; the Chancellor does not so decree, and the learned

Court of Appeals goes no further than to say that, "we think the facts warrant the finding that the injunction was sued out without probable cause, and that the complainants are liable for the full amount of the damages sustained, even in excess of the penalty of the bond." The Court of Appeals, earlier in its opinion, had remarked that, "the injunction was unnecessary, as the complainants might have had adequate relief by appealing to the County Court to require Pyne to give bond as Executor as a condition of being allowed to take charge of the assets." The Court thus concedes, as we have done heretofore in this opinion, that a bond might properly and lawfully be required. The Court was apparently of opinion that because complainant might have gotten relief by application to the County Court the filing of this injunction bill was unnecessary and that this showed a lack of "probable cause."

We are clearly of opinion that there was probable cause in view of the reputation of this defendant executor as a law breaker and his comparative financial unstability, and such apprehension as the complainants might reasonably have entertained that the estate might be dissipated was confirmed by admissions made by Pyne himself as to disposition which he would have made of the assets, but for the restraint put upon him in this proceeding.

It results that the decree of the Court of Appeals will be modified so as to limit the recovery to $1,250, the face of the bond, and otherwise affirmed.